**ANNIE C. MERIWETHER v. E. H. KILBEE and W. G. KILBEE**

18 So. (2nd) 534      June Term, 1944
June 27, 1944      Division A

*Fred R. Wilson* and *George A. DeCottes,* for appellant.

*J. U. Gillespie,* for appellees.

TERRELL, J.:

New Smyrna DeLand Drainage District brought a bill in equity to foreclose the lien of delinquent drainage tax certificates. At the special master's sale, the lands of the plaintiffs and others were bid in by the supervisors of the district in the name of the district for which master's certificate was issued. The plaintiffs then purchased that portion of the master's certificate covering the lands in question and after the expiration of the time for redemption applied for master's deed which was issued to them by the order of the Court December 7, 1942.

Annie C. Meriwether acquired by assignment four judgments that had been secured against the drainage district by others before the foreclosure but they were purchased by her after the master's certificates were assigned to the plaintiffs. Shortly after purchasing these judgments Annie C. Meriwether secured an execution and caused a levy to be made on the lands by the Sheriff of Volusia County. A temporary restraining order was issued to prevent the sale which was made permanent on final hearing.

The question presented is whether or not lands acquired by a drainage district (organized under Chapter 298, Florida Statutes, 1941) by foreclosure of delinquent tax assessment liens is subject to levy and sale under an execution issued on a common law judgment secured against the district.

It appears that when a drainage district forecloses its liens for non payment of drainage taxes, the certificate of sale conveys only an equitable interest because the original owner is given a year to redeem the land which is accomplished by application to the court and securing a master's deed.

Section 298.46, Florida Statutes, 1941, defines the duty of the supervisors as to such lands and is as follows:

"Shall be held and disposed of by the Board of Supervisors at such price and on such terms as in the discretion of the Board may be for the best interests of the district; and in the sale or disposal of such lands, the Boards of Supervisors may, in their discretion, accept in payment or part payment therefor, any bonds or interest coupons of the district which are past due, at their face value with accrued interest."

An analysis of the foregoing and other provisions of the law affecting drainage districts convinces us that all lands acquired by the district by foreclosure are to be held by the district and disposed of for the benefit of all creditors. If this reasoning is correct, then they are not subject to execution to satisfy a common law judgment. We find nothing in the general drainage law to the contrary though we do find where mandamus may be employed against the district. Other provisions of the general drainage law are to like effect.

Affirmed.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.