(No. 5178—

NORRIS W. ANDERSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 20, 1967.*

Petition of Respondent for Rehearing denied May 9, 1967.

SMITH and PENNIMAN, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; PHILIP J. ROCK, Assistant Attorney General, for Respondent.

DOVE, J.

Norris W. Anderson filed his claim in this Court on August 31, 1964 pursuant to Chap. 37, Secs. 439.8 and 439.8D, which provides in part as follows:

"The Court shall have jurisdiction to hear and determine the following matters:

"All claims against the State for time unjustly served in prisons of this State where the persons imprisoned prove their innocence of the crime for which they were imprisoned; provided, the Court shall make no award in excess of the following amounts: For imprisonment of five years or less, not more than $15,000.00; . . ."

It appears from the evidence that claimant was indicted and tried for burglary by a jury in the Circuit Court of Winnebago County. He was found guilty, and was sentenced to the penitentiary for a term of not less than five nor more than twenty years.

It further appears that on the night of March 10, 1960 a bakery in Rockford was forcibly entered through the rear door, and approximately $20.00 in half dollars, quarters, dimes, nickels and pennies were taken from the cash register. No direct evidence was produced linking claimant with the burglary. Circumstantial evidence upon which the conviction was obtained follows:

Claimant, unemployed and on relief, lived in a hotel near the bakery, and frequented a restaurant 75 feet from the bakery and a tavern some 50 feet away. He spent $6.00 to $9.00 in change at the tavern between 9:00 P.M. and 1:00 A.M. on the night of the burglary, and the following morning exchanged $13.00 in change for paper money at the restaurant. He had two conversations with a friend, Schubbe, who worked at the restaurant, in which claimant asked if he knew where any money was kept, which they could get.

Claimant explained his affluence as a gift of $10.00 from his father, a loan of $2.00 from the wife of the restaurant owner, and the winning of $12.00 in silver during the last pot of a poker game in a hotel. The same explanation of poker winnings was given to three different people, including a police officer. The gift and loan were certified by the donor and lender, respectively. About one month after the incident, claimant was again picked up by two Rockford police officers, and questioned about the poker game. He admitted that it was in a room at the Lawrence Hotel, but refused to divulge

the names of the other participants. Claimant's testimony concerning the poker game as a source of the funds was not contradicted or impeached, nor did the police check claimant's story that the game was the source of the coins. (*People* vs. *Anderson,* 30 Ill. 2d 413.)

Claimant was thereafter incarcerated in the Illinois State Penitentiary until April 10, 1964. On April 8, 1964, after the opinion of the Illinois Supreme Court had been filed reversing the conviction of claimant, an order was entered in the Circuit Court of Winnebago County recalling the mittimus previously issued, and on April 10, 1964 claimant was released from the penitentiary.

The Supreme Court in its opinion says:

"It is basic, however, that, if after due consideration, we are of the opinion that defendant's guilt has not been established beyond a reasonable doubt, it is our duty to reverse. (People vs. Jefferson, 24 Ill. 2d 398; People vs. Butler, 28 Ill. 2d 88). This record leaves such a doubt, and the conviction is reversed."

There were only two witnesses who testified in this case. Claimant, of course, testified on his own behalf, and Mauritz Johnson, one of the investigating police officers, testified for respondent. His testimony did not rebut that of claimant, but corroborated it on several points. The testimony of claimant is clear and unambiguous; it has not been contradicted; it is probable and logical; and, we are of the opinion that claimant's testimony should not be disregarded. (*Kelly* vs. *Jones,* 290 Ill. 375.) Claimant's unrebutted testimony cannot be rejected, and constitutes the preponderance of the evidence in the record before this Court. Claimant has shown by all the evidence a prima facie case, proving his innocence of the crime for which he was unjustly imprisoned. Respondent has not presented any evidence

to overcome claimant's prima facie case, and it is our opinion that claimant has proven his innocence by a preponderance of the evidence.

Claimant seeks an allowance for attorney's fees in addition to the award for wrongful imprisonment. Chapter 37, Section 439.8D reads in part as follows:

"The Court shall fix attorney's fees not to exceed 25% of the award granted."

This Court is of the opinion that the legislature intended that attorney's fees be payable from the award granted, and not in addition thereto. It is the declared responsibility of this Court to fix the amount of attorney's fees not to exceed 25% of the award granted.

We hereby award claimant the sum of $12,000.00, and fix attorney's fees at 25% of the award granted.