360 So.2d 99 (1978)
STATE of Florida, Board of Regents, As Head of Famu Demonstration School and Florida Casualty Insurance Risk Management Trust Fund, Appellants,
v.
Napolean Hosea YANT, a Minor, by and through His Mother and Next Friend, Barbara Bozeman, and Barbara Bozeman, Individually, Appellees.
No. HH-322.
District Court of Appeal of Florida, First District.
June 6, 1978.
Rehearing Denied July 10, 1978.
*100 Thomas F. Woods of Woods, Johnston & Erwin, Tallahassee, for appellants.
Harold E. Regan, Tallahassee, for appellees.
BOYER, Judge.
We are here called upon to construe F.S. 768.28, by which the State of Florida partially waived its sovereign immunity. The real issue now presented is the effect of F.S. 768.28(5) on derivative claims.
In April of 1975, Napolean Yant, a six year old minor, sustained severe injuries as a result of the negligence of an agency of the State of Florida, appellant here. A jury returned a verdict for the injured child in the sum of $125,000.00 and for his mother, who had sustained medical bills incident to treatment of her son in excess of $23,000.00, a verdict of $26,000.00. Appellants, defendants in the trial court, moved for an adjudication that they not be liable for a judgment in excess of $50,000.00 under the subject statute. That motion was denied and a final judgment was entered in accordance with the jury verdict.
The relevant portion of the subject statute provides as follows:
"(5) The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, but liability shall not include punitive damages or interest for the period prior to judgment. Neither the state nor its agencies or subdivisions shall be liable to pay a claim or a judgment by any one person which exceeds the sum of $50,000 or any claim or judgment, or portions thereof, which, when totaled with all other claims or judgments paid by the state or its agencies or subdivisions arising out of the same incident or occurrence, exceeds the sum of $100,000. However, a judgment or judgments may be claimed and rendered in excess of these amounts and may be settled and paid pursuant to this act up to $50,000 or $100,000, as the case may be, and that portion of the judgment that exceeds these amounts may be reported to the Legislature, but may be paid in part or in whole only by further act of the Legislature. The limitations of liability set forth in this subsection shall apply to the state and its agencies *101 and subdivisions whether or not the state or its agencies or subdivisions possessed sovereign immunity prior to July 1, 1974."
Although involving a different statute, this court held in Tucker v. Shelby Mutual Insurance Co. of Shelby, Ohio, 343 So.2d 1357 (Fla. 1st DCA 1977) that the claim of an injured minor child was separate and distinct from the parents' claim for resulting medical expenses and that the parents' right of action for recovery was independent of the right of action of the child arising from the same incident. That reasoning is equally applicable here.
In a more recent case, Department of Health and Rehabilitative Services, etc. v. Myrtle McDowell McDougall, etc., 359 So.2d 528 (Fla. 1st DCA 1978) Case No. DD-8, Opinion filed May 25, 1978, we held that the several claims of a widow and children in a wrongful death action were separate and that payment of the total judgment by the state agency was limited only by the $100,000 ceiling contained in the subject statute. That reasoning too is applicable sub judice.
We accordingly hold that the $50,000.00 limitation of liability "to pay a claim or a judgment by any one person" (emphasis added) as provided by the statute is applicable to the claim of the minor and the same limitation is applicable to the separate derivative claim of the mother.
In as much as the first sentence of the above quoted statute provides that the state and its agencies and subdivisions shall be liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances" but specifically excludes liability for interest "prior to judgment" it necessarily follows that the state, its agencies and subdivisions, in the same manner as a private individual under like circumstances, is liable for interest after the date of the judgment and the interest should be computed on the amount of the recovery or $50,000.00 whichever is greater and is recoverable in addition to such sum.
We have considered the other point raised by appellants and find that point also to be without merit.
AFFIRMED.
McCORD, C.J., and SMITH, J., concur.

ON PETITION FOR REHEARING
BOYER, Judge.
By petition for rehearing appellants have pointed out that although we discuss in our foregoing opinion the extent of coverage and the question of interest we have failed to address the question as to whether costs may be taxed against appellants under the circumstances of this case. We hold that the statutory limitation provided for in F.S. 768.28(5) does not apply to costs and that costs may be taxed in addition thereto to the same extent and in the same manner as were appellants private individuals under like circumstances.
Our opinion being so clarified, the petition for rehearing is denied.
McCORD, C.J., and SMITH, J., concur.