388 So.2d 1045 (1980)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
Daniel Robert KNOWLES and Kay Knowles, Husband and Wife, and Robert Glen Gregg, Appellees.
No. 80-16.
District Court of Appeal of Florida, Second District.
July 11, 1980.
Rehearing Denied October 3, 1980.
*1046 Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellant, and appellee Gregg.
Bruce D. Frankel of Goldberg, Rubinstein & Buckley, Fort Myers, for appellees Daniel Knowles and Kay Knowles.
SCHEB, Chief Judge.
Daniel Robert Knowles and Kay Knowles sued the Florida Department of Transportation (DOT) and its employee, Robert Glen Gregg, for negligence resulting in a November 21, 1977, motor vehicle accident. The jury found Gregg negligent and the trial court entered judgment of $70,000 for Daniel Robert Knowles and $10,000 for Kay Knowles against DOT. The court, however, limited recovery to $50,000 for Daniel Knowles and $10,000 for Kay Knowles under Section 768.28(5), Florida Statutes (1977).[1] The court then assessed costs of *1047 $741.75 against DOT. The court refused to enter judgment against Gregg on the authority of Section 768.28(9).[2]
DOT contends that Section 768.28(5) restricts the total judgment which the court could enter against DOT to $50,000. We disagree. In State v. Yant, 360 So.2d 99 (Fla. 1st DCA 1978), our sister court held that the $50,000 limitation of Section 768.28(5) does not apply to separate claims by different individuals in the same lawsuit. We agree. Likewise, we reject, as did the court in Yant, DOT's contention that the court could not assess costs above the limitation of Section 768.28(5). Id. at 101 (on petition for rehearing).
On cross-appeal the Knowles argue that the court erred in refusing to enter judgment against Gregg. Subsequent to the entry of final judgment, the supreme court held that Section 768.28(9) "merely addresses the extent to which the state will be liable for [its employees'] torts" and does not create any immunity for its employees in tort actions. District School Board of Lake City v. Talmadge, 381 So.2d 698, 702 (Fla. 1980). Thus, the trial court erred in refusing to enter judgment against Gregg for $70,000.
Accordingly, we direct the trial court to enter an amended judgment against DOT and Gregg for $70,000 for Daniel Robert Knowles and $10,000 for Kay Knowles, plus costs of $741.75.
GRIMES and CAMPBELL, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
On motion for rehearing Gregg points out that the 1980 Florida Legislature amended Section 768.28(9), Florida Statutes (Supp. 1980), to provide that "[t]he exclusive remedy for injury or damages suffered as a result of any act, event or omission of any officer, employee, or agent of the state ... shall be by action against the governmental entity... ." Ch. 80-271, § 1, Laws of Fla. (emphasis added). It also made the amendment expressly applicable to all actions pending in the trial or appellate courts on the effective date of the amendment. Id. § 4. The law became effective July 1, 1980, and, therefore, purports to be applicable to the present case.
Gregg now argues that the amendment precludes the entry of a judgment against him. We disagree. Application of the *1048 amendment would eliminate the Knowles' cause of action against Gregg. To the extent that Chapter 80-271 retroactively eliminates the Knowles' vested right to sue Gregg, it is unconstitutional.[1]McCord v. Smith, 43 So.2d 704 (Fla. 1949).
Accordingly, the motion for rehearing is denied.
SCHEB, C.J., and GRIMES and CAMPBELL, JJ., concur.
NOTES
[1] Section 768.28(5) states:

The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, but liability shall not include punitive damages or interest for the period prior to judgment. Neither the state nor its agencies or subdivisions shall be liable to pay a claim or a judgment by any one person which exceeds the sum of $50,000 or any claim or judgment, or portions thereof, which when totaled with all other claims or judgments paid by the state or its agencies or subdivisions arising out of the same incident or occurrence, exceeds the sum of $100,000. However, a judgment or judgments may be claimed and rendered in excess of these amounts and may be settled and paid pursuant to this act up to $50,000 or $100,000, as the case may be, and that portion of the judgment that exceeds these amounts may be reported to the Legislature, but may be paid in part or in whole only by further act of the Legislature. The limitations of liability set forth in this subsection shall apply to the state and its agencies and subdivisions whether or not the state or its agencies or subdivisions possessed sovereign immunity prior to July 1, 1974.
[2] Section 768.28(9) states:

No officer, employee, or agent of the state or its subdivisions shall be held personally liable in tort for any injuries or damages suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. Subject to the monetary limitations set forth in subsection (5), the state shall pay any monetary judgment which is rendered in a civil action personally against an officer, employee, or agent of the state which arises as a result of any act, event, or omission of action within the scope of his employment or function.
The 1979 Legislature deleted that portion of Section 768.28(9) which provided that the state would pay any monetary judgment rendered in a civil action personally against an employee of the state acting within the scope of his employment. Ch. 79-139, § 9, Laws of Fla. We do not now address the effect of this amendment on the holding of District School Board of Lake County v. Talmadge, 381 So.2d 698 (Fla. 1980), that Section 768.28(9) does not immunize a state employee from liability for negligence.
[1] We do not address the constitutionality of the prospective application of Section 1 of Chapter 80-271.