396 So.2d 756 (1981)
David BEREK et al., Appellants,
v.
METROPOLITAN DADE COUNTY, Etc. et al., Appellees.
No. 80-839.
District Court of Appeal of Florida, Third District.
March 24, 1981.
Rehearing Denied May 1, 1981.
*757 Horton, Perse & Ginsberg and Arnold R. Ginsberg; Rentz & Haggard, Miami, for appellants.
Robert A. Ginsberg, County Atty. and Robert L. Blake, Asst. County Atty., for appellees.
Before BARKDULL, SCHWARTZ and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
A jury returned a verdict in the amount of $85,000 in favor of David Berek and against Metropolitan Dade County. The trial court, pursuant to the limitation fixed by the waiver of sovereign immunity statute, Section 768.28, Florida Statutes (1979), entered judgment against the County for $50,000. Berek then moved the trial court to order the County to pay his costs of litigating the action and interest accrued after judgment. Berek's motion was denied, and this appeal ensued. We affirm.
Our decision turns on the construction to be given to Section 768.28(5), Florida Statutes (1979), which provides, in pertinent part:
"The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, but liability shall not include punitive damages or interest for the period prior to judgment. Neither the state nor its agencies or subdivisions shall be liable to pay a claim or a judgment by any one person which exceeds the sum of $50,000 or any claim or judgment, or portions thereof, which, when totaled with all other *758 claims or judgments paid by the state or its agencies or subdivisions arising out of the same incident or occurrence, exceeds the sum of $100,000. However, a judgment or judgments may be claimed and rendered in excess of these amounts and may be settled and paid pursuant to this act up to $50,000 or $100,000, as the case may be, and that portion of the judgment that exceeds these amounts may be reported to the Legislature, but may be paid in part or in whole only by further act of the Legislature... ."
The doctrine of sovereign immunity rests on two public policy considerations: the protection of the public against profligate encroachments on the public treasury, Spangler v. Florida State Turnpike Authority, 106 So.2d 421 (Fla. 1958), and the need for the orderly administration of government, which, in the absence of immunity, would be disrupted if the state could be sued at the instance of every citizen, State Road Department v. Tharp, 146 Fla. 745, 1 So.2d 868 (Fla. 1941). The enactment in 1973 of Section 768.28(5) was a legislative declaration that the countervailing public policy of allowing citizens injured by the tortious action or inaction of the state to sue for the recovery of damages outweighed the state's interest in not being discommoded by litigation. But at the same time the Legislature permitted the state to be sued, it chose to continue to protect against profligate encroachments on the public treasury by limiting the waiver of sovereign immunity to a specified dollar amount, $50,000.
Thus, the policy of protecting the public against profligate encroachment on taxpayers' moneys remains in effect. We therefore must construe Section 768.28(5) in accordance with this policy and employ a rule of strict construction against waiver of immunity beyond this amount. Spangler v. Florida State Turnpike Authority, supra.
Section 768.28(5) contains no specific provision authorizing the payment of costs and interest. Compare, e.g., § 4-160, Conn. Gen. Stat. (1980) (providing that costs may be allowed against the state as the court deems just); § 34-4-16.5-17, Ind. Code Ann. (Burns 1980) (providing that state not liable for interest unless not paid in 180 days); § 143.291.1, N.C. Gen. Stat. (1980) (providing that costs may be taxed against the losing party in the same manner as any civil action). We cannot and will not infer from legislative silence the authority to make such awards.
Berek contends that Section 57.041, Florida Statutes (1979), which authorizes the recovery of costs by a party recovering judgment and contains no exception for a state or county judgment debtor, is specific authority for an award here. We reject this contention. Whatever rights of recovery against the state are given to a claimant must, in our view, affirmatively appear in the waiver of immunity statute and cannot be read into it. See Commonwealth, Department of Transportation, Bureau of Highways v. Lamb, 549 S.W.2d 504 (Ky. 1976) (in which the court construed Kentucky's waiver of sovereign immunity statute, which provided that recovery "shall not exceed $50,000 exclusive of interest and costs," to prevent the recovery of interest and costs despite a separate statute providing generally for recovery of interest from the date of judgment). Moreover, while Section 57.041, Florida Statutes, has been held to authorize the assessment of costs against the state and its agencies, see, e.g., Simpson v. Merrill, 234 So.2d 350 (Fla. 1970), this holding is inapposite to tort claims against the state which are allowed only within the parameters of the waiver statute.
We decline to follow the holding in State, Board of Regents v. Yant, 360 So.2d 99 (Fla. 1st DCA 1978), that the state is liable for interest and costs beyond the $50,000 limit.[1] In our view, the court there *759 gave unwarranted meaning to the provision in Section 768.28, which states that "liability shall not include punitive damages or interest for the period prior to judgment." Employing a single rule of statutory construction, expressio unius exclusio alterius, the court in Yant concluded from the specific exclusion of pre-judgment interest that post-judgment interest and costs, not specifically excluded, were necessarily included and recoverable.[2] Cognizant of the fundamental rule that we must consider the statute as a whole in determining legislative intent, State v. Rodriquez, 365 So.2d 157 (Fla. 1978); Wilensky v. Fields, 267 So.2d 1 (Fla. 1972), we discern the Legislature's intent to be to stringently circumscribe the authority of courts to make awards against the state. Accordingly, we construe the statute to declare that recovery of punitive damages or pre-judgment interest is always precluded, that is, even where the total recovery is less than $50,000; and that post-judgment interest and costs are recoverable, but only to the extent that the total of the judgment for damages and the post-judgment interest and costs does not exceed $50,000.[3]See Anderson v. State, 26 Ill. Ct. Cl. 119 (1967) (attorneys' fees may be paid from award providing total does not exceed $100,000 statutory limit). In a word, the Legislature has said $50,000, whatever the components may be, is the most the Legislature will permit a court to award a claimant.[4] Abiding by this dictate, we affirm.
Affirmed.
*760 SCHWARTZ, Judge (dissenting).
I would follow State, Board of Regents v. Yant, 360 So.2d 99 (Fla. 1st DCA 1978) and State, Department of Transportation v. Knowles, 388 So.2d 1045 (Fla. 2d DCA 1980)[1] and reverse. In my view, the authorization of the recovery and payment of a $50,000 judgment necessarily carries with it the obligation to pay both the costs required to secure that judgment as mandated in all actions at law by Section 57.041, Florida Statutes (1979), see, Kendall East Estates, Inc. v. Banks, 386 So.2d 1245, 1247 (Fla. 3d DCA 1980), and interest on that amount under Section 55.03, Florida Statutes (1979), which likewise has general application. See, Florida Insurance Guaranty Association v. Gustinger, 390 So.2d 420, 421, n. 2 (Fla. 3d DCA 1980). The majority's position on the latter point permits unlimited delay in the satisfaction of a duly entered judgment without any adverse effect whatever upon the judgment debtor. I cannot believe that the legislature intended any such result.
NOTES
[1] To the extent that State, Department of Transportation v. Knowles, 388 So.2d 1045 (Fla. 2d DCA 1980), follows Yant in this regard, we decline to follow it as well. The separate holding in Knowles that a single claimant can recover more than $50,000 where there is more than one claimant and the total claims do not exceed $100,000, involves a construction of a distinct clause of Section 768.28, which we are not asked to construe. See also Department of Health and Rehabilitative Services v. McDougall, 359 So.2d 528 (Fla. 1st DCA 1978). If the separate holding in Knowles is correct, then the cost award there of $741.75, still within this $100,000 limit, would be permissible under our reading of the statute.
[2] In our view, the rule of statutory construction employed in Yant eviscerates the manifest legislative intent, see United States v. Insco, 496 F.2d 204 (5th Cir.1974), and, moreover, ignores the competing rule that waiver of immunity statutes are to be strictly construed. See Spangler v. Florida State Turnpike Authority, supra; Holt v. City of Bloomington, 70 Ind.Dec. 221, 391 N.E.2d 829 (1979); State v. Scott Construction Co., 97 Ind. App. 652, 174 N.E. 429 (1931) (in the absence of specific authority, interest not recoverable against sovereign; no mention of provision excluding only recovery of punitive damages); Commonwealth, Department of Transportation, Bureau of Highways v. Lamb, supra (interest and costs not recoverable against sovereign; no mention of provision excluding only recovery for pain and suffering).
[3] In arriving at this conclusion, we do not rely, as did the court below, on Metropolitan Dade County v. Espinosa, 362 So.2d 1068 (Fla. 3d DCA 1978). The County argues that our decision in Espinosa, affirming without opinion a lower court ruling denying a claim identical to Berek's, is controlling. Berek argues that the affirmance in Espinosa has no precedential effect. On this score we agree with Berek. We do not regard a per curiam affirmance without opinion as having precedential significance for other cases, see Jenkins v. State, 385 So.2d 1356 (Fla. 1980); Greene v. Massey, 384 So.2d 24 (Fla. 1980), notwithstanding that such an affirmance may establish the law of the particular case. But see Golden Loaf Bakery, Inc. v. Charles W. Rex Construction, Inc., 334 So.2d 585 (Fla. 1976) (England, J., concurring).
[4] Our reading of the statute is compatible with its further provision that judgments in excess of the statutory limits may be paid in part or in whole only by further act of the Legislature. This allows the Legislature, not a court, to determine whether further encroachment on the public treasury is warranted in a particular case. The "inequity" of permitting a court to award interest and costs to claimants whose judgments are below $50,000, but precluding such an award where the judgment is beyond that amount, does not differ from the "inequity" created when a claimant whose actual damages are below $50,000 is fully compensated, while one whose actual damages far exceed the statutory limits is restricted to a recovery of $50,000. We read the statute as a legislative effort to permit compensation of tort claimants against the state to the extent set forth, not an effort to put tort claimants on an equal footing. Any inequities which arise are the business of the Legislature, not the courts.

The concern expressed by Judge Schwartz in his dissent, that the effect of our holding is that the state and its agencies can delay payment on a judgment with impunity, fails to recognize that the state is a unique judgment debtor. A judgment creditor may not obtain a lien against or levy execution against the property or funds of a state, county or municipal corporation in the absence of express authorization. See 30 Am.Jur.2d, Executions § 195-201 (1967); Meriwether v. Kilbee, 154 Fla. 631, 18 So.2d 534 (1944); City of Bradenton v. State ex rel. Oliver, 117 Fla. 578, 158 So. 165 (1935); City of Coral Gables v. Hepkins, 107 Fla. 778, 144 So. 385 (1932); State ex rel. Montgomery v. City of Fort Pierce, 106 Fla. 845, 143 So. 733 (1932); Special Tax School District No. 1 of Palm Beach County v. Smith, 61 Fla. 782, 54 So. 376 (1911); § 55.11, Fla. Stat. (1979). A creditor must depend on the willingness of the state and the availability of funds if he is to collect his judgment at all. It is these factors, not compulsion, that cause the state to pay judgments, and will likely cause the state to pay them promptly.
[1] I am particularly unpersuaded by the court's disagreement with the stress given by the Yant court upon the statute's specific exclusion of pre-judgment interest. If, as the majority says, the allowance of any interest whatever must be affirmatively provided for, I do not understand why the legislature found it necessary or appropriate expressly to exclude only pre-judgment interest, which is almost never allowed in a tort case, anyway, particularly when, in contrast, post-judgment interest is generally assumed and is statutorily provided to attach to every judgment. The answer is, I think, just what Yant concluded, that the exclusion of pre-judgment is a strong indication of the legislative desire to permit post-judgment interest.

Moreover, I believe that, as a general principle of Florida appellate decision-making, we should ordinarily give persuasive effect to decisions of our compatriot courts of appeal. In a case such as this, in which everything else is at least equal, I would prefer to follow the first and second districts on the precise issue of Florida statutory law before us, instead of the courts of Kentucky and Illinois on questions which are necessarily only analogous.