414 So.2d 626 (1982)
METROPOLITAN DADE COUNTY, Russell Fischer, Richard Fry and al Wessner, Jr., Appellants,
v.
Jonas BRILL and Lorraine Mary Brill, Appellees.
No. 81-1709.
District Court of Appeal of Florida, Third District.
June 1, 1982.
Robert A. Ginsburg, Dade County Atty., and Ralph C. Rocheteau, Asst. County Atty., John Flynn, Miami, for appellants.
Colson & Hicks and Mary Friedman, Miami, for appellees.
Before SCHWARTZ, NESBITT and FERGUSON, JJ.
FERGUSON, Judge.
Metropolitan Dade County and police officers appeal from a jury verdict for plaintiff entered on a complaint alleging excessive or unnecessary force in subduing a person who had abducted plaintiff, resulting in serious injury to plaintiff. Appellants contend that an instruction given the jury constitutes reversible error.
Where jury in a civil action is given an incorrect instruction or one not applicable to the facts, together with correct instructions, reversal is not mandated unless the error results in a miscarriage of justice; a miscarriage of justice occurs where instructions may reasonably have confused or misled the jury. Florida Power & Light Company v. McCollum, 140 So.2d 569 (Fla. 1962); LaFleur v. Castlewood International Corp., 294 So.2d 21 (Fla.3d DCA 1974).
In this case the instruction on a duty of a private citizen to retreat before using deadly force, clearly not applicable, was given along with the instruction that a law enforcement officer need not retreat and *627 may use any force believed reasonably necessary in making an arrest. The series of instructions, considered as a whole, correctly stated the law. Edwards v. Poe, 203 So.2d 188 (Fla.2d DCA 1967). It was clear that this was an action against police officers for negligence while acting in the scope of their employment. The jury was adequately instructed, as requested by appellant, that a law enforcement officer need not retreat and the instructions were neither conflicting nor confusing. Compare Veliz v. American Hospital, 414 So.2d 226 (Fla.3d DCA 1982) (instructing jury that negligence is failure to use care generally used by hospitals in the community in similar cases conflicted with instruction that nurses are not to be held liable for honest errors of judgment).
On the cross-appeal we hold that plaintiff was not entitled to payment of costs under waiver of sovereign immunity statute where verdict exceeded the statutory recovery limit. Godoy v. Dade County, 410 So.2d 1000 (Fla.3d DCA 1982); Berek v. Metropolitan Dade County, 396 So.2d 756 (Fla.3d DCA 1981), petition for review granted, 6 F.L.W. 43 (Fla.Sup.Ct. Case No. 60,713, 1981).[1]
Affirmed.
NOTES
[1] Decisions in other jurisdictions conflict with Berek, supra and Godoy, supra, by holding that statutory limitation does not apply to costs, which may be taxed as if agencies were private individuals. Compare State, Dep't of Transp. v. Knowles, 388 So.2d 1045 (Fla.2d DCA 1980), aff'd 402 So.2d 1155 (Fla. 1981) and State, Board of Regents v. Yant, 360 So.2d 99 (Fla. 1st DCA 1978), cert. denied, 364 So.2d 892 (Fla. 1978) with Berek, supra and Godoy, supra.