DELL, Judge.
In a personal injury action the City of Lake Worth appeals the denial of its motion for a new trial and the trial court’s denial of its motion to limit the final judgment to $50,000.
The appellee Nicolas suffered personal injuries when a truck crane owned by the appellant and operated by appellant’s employee, Roy Calvin, collided with his vehicle. The appellee joined both the City of Lake Worth and Calvin as defendants. The trial court denied appellant’s pretrial motion in limine to limit appellee from offering evidence pertaining to any acts of negligence other than the negligent operation or maintenance of the truck crane. The jury awarded appellee $125,000. After applying the comparative negligence factor found by the jury, the court entered a final judgment for the appellee in the amount of $68,750 plus costs of $2,851.65.
Appellant raises three points on appeal: First, that the trial court erred when it permitted the introduction of evidence pertaining to safety measures which the appellant should have taken when operating a truck crane and evidence of “lost profits”; second, that pursuant to Section 768.28(5), Florida Statutes, (1975), the final judgment should have been limited to $50,000;[1] and last, that the $50,000 limitation of Section 768.28(5) applies to costs and interest.
We find no merit in appellant’s first point on appeal. The appellant had adequate notice from the complaint, the pretrial discovery and the pretrial statement filed by appellee, that the appellee’s claim of negligence would include evidence pertaining to violation of safety standards. Appellant’s failure to claim surprise or move for a continuance supports this conclusion and accordingly, we find no error in the trial court’s admission of the evidence which appellant sought to exclude. The *888 trial court also properly admitted the evidence concerning appellee’s loss of “business profits.” Appellee’s loss of business profits directly related to his claim for past and future loss of income and earning capacity.
Appellee has conceded that Section 768.28(5) applies to municipalities and that the judgment for damages must be limited to $50,000.
Lastly, appellant argues that the $50,000.00 limitation of Section 768.28(5) applies to costs and interest. The First, Second and Third District Courts of Appeal have considered this question. The Third District held, with Judge Schwartz dissenting, that Section 768.28(5) limits a judgment to $50,000 regardless of its components. Berek v. Metropolitan Dade County, 396 So.2d 756 (Fla. 3d DCA 1981), followed in Godoy v. Dade County, 410 So.2d 1000 (Fla. 3d DCA 1982). The First and Second District Courts of Appeal held that the $50,-000 limitation on municipal liability does not apply to interest and costs. State Board of Regents v. Yant, 360 So.2d 99 (Fla. 1st DCA 1978), cert. denied, 364 So.2d 892 (Fla.1978); State Board of Transportation v. Knowles, 388 So.2d 1045 (Fla. 2d DCA 1980), affirmed, 402 So.2d 1155 (Fla.1981). We believe that the reasoning set forth in Yant and Knowles, supra, and by Judge Schwartz in his dissent in Berek, supra, is in accord with the intent of the legislature when it enacted Section 768.-28(5). Therefore we hold that the limitation of municipal liability as provided in Section 768.28(5), Florida Statutes (1975) does not apply to costs and post judgment interest.
Accordingly, we remand this case with directions to the trial court to enter judgment in favor of the appellee in the amount of $50,000, plus costs. Interest shall accrue at the statutory rate until the final judgment is satisfied.
REMAND WITH DIRECTIONS.
GLICKSTEIN and WALDEN, JJ., concur.

. F.S. 768.28(5) was amended effective October 1, 1981.