434 So.2d 315 (1983)
CITY OF LAKE WORTH, Petitioner,
v.
Souheil Aziznakie NICOLAS, Respondent.
No. 62389.
Supreme Court of Florida.
July 7, 1983.
*316 Richard H. Gaunt, Jr. of Cibula, Gaunt & Pratt, West Palm Beach, for petitioner.
William S. Frates of Frates & McCall, Palm Beach, for respondent.
BOYD, Justice.
This cause is before the court on petition for review of the decision in City of Lake Worth v. Nicolas, 416 So.2d 886 (Fla. 4th DCA 1982). We accepted jurisdiction on the ground that the district court's decision there was in conflict with Berek v. Metropolitan Dade County, 396 So.2d 756 (Fla. 3d DCA 1981). The latter decision was also brought before this Court for review and was approved in part and quashed in part. Berek v. Metropolitan Dade County, 422 So.2d 838 (Fla. 1982). In Berek we held that although costs are recoverable against a governmental body, the statutory limit of liability constitutes the absolute maximum amount of recovery including all elements of damages, costs, and post-judgment interest.
In the present case the district court correctly determined that the liability imposed on the defendant should have been limited to $50,000, but went on to hold that the defendant could also be required to pay the plaintiff's costs of $2851.65. We therefore quash that portion of the district court's decision that affirmed the award of costs.
For purposes of the remand we direct the trial court's attention to the last sentence of section 768.28(5), Florida Statutes (1975), which provides:
However, a judgment or judgments may be claimed and rendered in excess of these amounts [the $50,000/$100,000 limits] and may be settled and paid pursuant to this act up to $50,000 or $100,000, as the case may be, and that portion of the judgment that exceeds these amounts may be reported to the legislature, but may be paid in part or in whole only by further act of the legislature.
Pursuant to this provision and our Berek decision the trial court may render judgment for the full amount of the damages, $68,750, plus costs, but upon payment of $50,000 by or on behalf of the City of Lake Worth the respondent shall be required to give a satisfaction of judgment, his recourse for the excess being only to the legislature.
The decision of the district court of appeal is approved in part and quashed in part. The case is remanded for further proceedings consistent with this opinion.
It is so ordered.
OVERTON, McDONALD and EHRLICH, JJ., concur.
ADKINS, Acting C.J., dissents.