PER CURIAM.
This is an appeal by the state from a civil judgment entered against the Department of Corrections (DOC) for $200,000. Terrance Parker was killed when he was involved in a collision with a vehicle driven by a state DOC employee. Parker’s widow sued the DOC as personal representative of her husband’s estate and also sued individually as the surviving spouse. A final judgment was entered in the amount of $250,000 against the DOC in her favor. The DOC moved to limit the judgment to $100,000 pursuant to section 768.28(5), Florida Statutes (1985) which provides:
Neither the state nor its agencies or subdivisions shall be liable to pay a claim of judgment by any one person which exceeds the sum of $100,000 or any claim or judgment ... which, when totaled with all other claims or judgments paid by the state or its agencies or subdivisions arising out of the same incident or occurrence, exceeds the sum of $200,000.
(Emphasis added)
The trial court instead ruled that the wife and the estate were both entitled to $100,000, for a total judgment of $200,000.
On appeal the DOC argues that Mrs. Parker was not a separate “person” from the estate of her husband and therefore the recovery should have been limited to $100,-000. We reject this argument and affirm. Both the wife and the estate were separately injured by the death of the husband. The wife’s action for loss of consortium was distinct from that of the estate and under the statute each could be awarded up to $100,000 or a combined amount of $200,-000. See generally State of Florida, Department of Transportation v. Knowles, 388 So.2d 1045 (Fla. 2d DCA 1980); State of Florida, Board of Regents v. Yant, 360 So.2d 99 (Fla. 1st DCA 1978) (the limitation *290 of section 768.28(5) does not apply to separate claims by different individuals in the same lawsuit).
AFFIRMED.
GLICKSTEIN, DELL and WALDEN, JJ., concur.