**James Harold WILMER, Jr., Plaintiff,**

v.

**BOARD OF COUNTY COMMISSIONERS OF LEAVENWORTH COUNTY, KANSAS, Defendant.**

Civ. A. No. 91–2265–GTV.

United States District Court, D. Kansas.

Feb. 5, 1996.

Arthur R. Stirnaman, Employers Reinsurance Corporation, Overland Park, KS, John L. White, Law Offices of John L. White, Leavenworth, KS, Brent L. Winterberg, Kansas City, MO, for plaintiff.

Robert D. Beall, Davis, Beall, McGuire & Thompson, Chtd., David C. VanParys, County Counselor, Leavenworth, KS, for defendant.

### MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This matter is before the court on defendant's motion for release of supersedeas bond (Doc. 228). Plaintiff has responded (Doc. 233) and opposes the motion. For the reasons set forth below, the motion is denied.

In the present motion, defendant seeks release of the supersedeas bond posted by defendant to secure the unpaid balance of the judgment, including accrued interest and costs, during its appeal. The court has received the decision in mandate of the United States Court of Appeals for the Tenth Circuit. The Tenth Circuit held that this court lacked jurisdiction to award damages against the county in excess of the $500,000 cap contained in the Kansas Tort Claims Act, K.S.A. § 75–6105. *Wilmer v. Board of County Commissioners of Leavenworth County,* 69 F.3d 406 (1995). The Tenth Circuit modified the judgment to adhere to the limitation.

Defendant contends that the supersedeas bond should be released because they have satisfied the judgment to the extent of the $500,000 limit. Defendant argues that it is not liable for interest and costs in excess of that limit.

Plaintiff asserts that defendant remains liable for interest and costs in the amount of $31,536.39 and that the statutory cap does not limit this recovery. Plaintiff opposes release of the bond until defendant pays the interest and costs of this action to plaintiff.

The Kansas Tort Claims Act provides in pertinent part:

(a) Subject to the provisions of K.S.A. 75–6111 and amendments thereto, the liability for claims within the scope of this act shall not exceed $500,000 for any number of claims arising out of a single occurrence or accident.

.    .    .    .    .

(c) A governmental entity shall not be liable for punitive or exemplary damages or for interest prior to judgment. . . .

K.S.A. § 75–6105.

▅ K.S.A. § 16–204 provides for interest on judgments including any judgment against the state or any political subdivision of the state. It was therefore appropriate for the court to assess post judgment interest against the County.

▅ The question remains whether the limit of liability for claims under K.S.A. § 75–6105 includes interest and costs or whether interest and costs may exceed the $500,000 cap.

In a January 4, 1995 order, this court stated that "[t]he statutory cap found in K.S.A. 75–6105 does not exempt defendant from payment of interest from the date of judgment on the $500,000 which defendant claims is its limit of liability." Further review of this issue has not dissuaded the court from that conclusion.

The Tenth Circuit agreed with defendant that K.S.A. § 75–6105 limited the award of *damages* against the Board to $500,000. *Wilmer,* 69 F.3d at 410. The Tenth Circuit did not discuss whether this limit included interest and costs. Thus, the court is not foreclosed from addressing this issue.

K.S.A. § 75–6105 does not specifically mention whether post judgment interest and costs are included within the cap. A review of Kansas case law does not reveal any resolution of this precise issue by the Kansas courts.

In states with similar statutes, the courts have reached mixed results when they have addressed the issue whether statutory limits on governmental liability prohibited awards of interest and costs in excess of the cap. Florida and Oregon courts have interpreted their tort claims acts to prohibit an award of interest, attorney's fees, and costs above the statutory cap. *See Berek v. Metropolitan Dade County,* 396 So.2d 756 (Fla.Dist.Ct. App.1981), *aff'd,* 422 So.2d 838 (Fla.1982); *Griffin ex rel. Stanley v. Tri–County Metro. Trans. Dist. of Oregon,* 318 Or. 500, 870 P.2d 808 (1994). The Oregon Supreme Court explained that an interpretation of the statute which places an absolute limit on all liability resulting from a tort allows the governmental entity to determine with certainty their maximum liability to ensure fiscal stability. *Griffin,* 870 P.2d at 814–15. The Florida District

Court of Appeals employed strict construction to the state's waiver of immunity in the tort claims act. The court concluded that the legislature must be specific if it intends to allow awards of interest and costs in excess of the statutory cap on liability. *Berek,* 396 So.2d at 758–59.

In contrast, Minnesota and Tennessee courts have allowed interest and costs above the statutory limit. *See Lienhard v. Minnesota,* 431 N.W.2d 861 (Minn.1988); *Austin v. Tennessee,* 831 S.W.2d 789 (Tenn.Ct.App. 1991). The Minnesota tort claims statute, which has language very similar to the Kansas statute, limits "liability for tort claims." The Minnesota Supreme Court concluded that the interest and costs are not subject to limitation under the statutory cap. The court held that "costs . . . are not part of the claim for compensation for personal injury," *Lienhard,* 431 N.W.2d at 864, and that interest was compensation for the loss of use of money resulting from non-payment of a liquidated sum. *Id.* at 865. The court explained that an award of interest encourages the governmental entity to promptly pay a judgment. *Id.* at 866.

Similarly, the Kansas Supreme Court agrees that a governmental entity should not be able to avoid payment of interest on a judgment. In *Shapiro v. Kansas Public Employees Retirement System,* 216 Kan. 353, 532 P.2d 1081 (1975), the court rejected the rule that under sovereign immunity a governmental entity is not liable for interest on its obligations unless a statute expressly provides. The court stated:

> The common-law rule that the state should not be required to pay interest on its debts is untenable in our times. In our judgment the loss of the use of money, whether occasioned by the delay or default of an ordinary citizen or of the state or one of its political subdivisions, ought to be compensated. . . . We see no justice in a rule which permits the state to retain for its use without interest money which it was legally obligated to pay. . . .

In the court's opinion, this is strong support for the argument that the Kansas Supreme Court would not allow the County to avoid paying interest and costs on the judgment, even in light of the statutory cap.

Additionally, the court's decision is supported by the tenets of statutory construction. First, K.S.A. § 16–204 was revised in 1973 to provide for the award of post judgment interest against a governmental entity. The Kansas Tort Claims act was enacted in 1979. If the legislature had intended for the cap to include within its limits interest and costs, it had an opportunity to draft the statute to reflect that intention. Second, K.S.A. § 75–6105 excludes the award of prejudgment interest, but does not mention post judgment interest. This implies that the County remains liable for interest accruing after the judgment and that the interest is not subject to the statutory cap. If the legislature had intended interest and costs to be included within the cap amount, it had the opportunity to state that intention.

The court concludes that defendant remains liable to plaintiff for interest and costs in the amount of $31,536.39. The court will not order release of the supersedeas bond until such amount is paid to plaintiff.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion for release of supersedeas bond (Doc. 228) is denied.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**