**UNITED STATES COURT OF APPEALS**
**Filed 12/6/96**
**FOR THE TENTH CIRCUIT**

———

JAMES HAROLD WILMER, JR.,          )
                                   )
    Plaintiff-Appellee,          )
                                   )
v.                                 )          No. 96-3074
                                   )          (D.C. No. 91-2265-V)
BOARD OF COUNTY COMMISSIONERS      )          (Dist. of Kansas)
OF LEAVENWORTH COUNTY, KANSAS,     )
                                   )
    Defendant-Appellant.          )

———

**ORDER AND JUDGMENT**[*]

———

Before **PORFILIO, BARRETT, and EBEL,** Circuit Judges.

———

The Board of County Commissioners of Leavenworth County, Kansas (the County) appeals from the district court's February 5, 1996, Memorandum and Order denying its motion to release the supersedeas bond posted by the County to secure the unpaid balance of judgment, including accrued interest and costs, during its appeal.   Wilmer v. Board of County Comm'rs, 916 F. Supp. 1079 (D. Kan. 1996).

James Harold Wilmer, Jr. (Wilmer), a resident of New York, filed a complaint in the U.S. District Court for the District of Kansas seeking damages for personal injuries and

_____

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

losses arising out of a motorcycle accident allegedly caused by the negligent signing of a county road by the County. After the third trial, the jury awarded damages to Wilmer in the amount of $638,457.30 plus interest. On appeal, the judgment was affirmed, see Wilmer v. Board of County Comm'rs, 1994 WL 325405 (10th Cir. Aug. 26, 1994), and the award reduced to $500,000 under the statutory liability cap in K.S.A. § 75-6105. See Wilmer v. Board of County Comm'rs, 69 F.3d 406, 410 (10th Cir. 1995). On December 18, 1995, the County paid $500,000 to the court in satisfaction of judgment.

Thereafter, the County filed a motion seeking the release of the supersedeas bond posted to secure the unpaid balance of the judgment during its appeal. On February 5, 1996, the district court denied the motion.

In this third appeal, the County contends that the district court erred in denying the County's motion to release the supersedeas bond by refusing to recognize that K.S.A. § 75-6105 set the statutory jurisdictional limits on total absolute liability at $500,000 which precludes Wilmer's recovery of an additional $31,536.34 in interest and costs. The district court's conclusions on issues of state law are reviewed de novo. Salve Regina College v. Russell, 499 U.S. 225, 231 (1991); Magnum Foods, Inc. v. Continental Casualty Co., 36 F.3d 1491, 1497 (10th Cir. 1994).

In denying the County's motion, the district court concluded that K.S.A. § 75-6105 when read in conjunction with K.S.A. § 16-204 allowed recovery of interest and costs in the amount of $31,536.34 even when such payment was in excess of the statutory jurisdictional

liability in K.S.A. § 75-6105.  We agree.

Therefore, we **AFFIRM** substantially for the reasons set forth in the district court's Memorandum and Order of February 5, 1996.  The mandate shall issue forthwith.

Entered for the Court:

James E. Barrett,
Senior United States
Circuit Judge