# UNITED STATES COURT OF APPEALS

**Filed 12/18/96**

## TENTH CIRCUIT

---

PRENTICE DON WOOD,

     Plaintiff - Appellee,

v.

BILL ED ROGERS, et al.,

     Defendant - Appellant.

No. 96-7033
(CV-94-427-S)
(Eastern District of Oklahoma)

---

## ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **KELLY** and **LUCERO**, Circuit Judges.
.

---

Prentice Don Wood, an Oklahoma inmate, appeals the district court's dismissal of his action brought pursuant to 42 U.S.C. § 1983. Appellant filed a complaint alleging that various state officials had conspired to violate his constitutional rights at his original state court criminal proceeding. More specifically, he alleged that the judge and prosecuting attorneys had pressured witnesses into giving perjured testimony that caused his conviction. Appellant sought "immediate release from incarceration," as well as monetary damages.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In an order dated August 3, 1994, the same date the complaint was filed, the district court held that appellant's action "[fell] within the core of habeas corpus" because his challenge was to the "very fact or duration of his imprisonment." I R., tab 4, at 1. To the extent that appellant's claim sought habeas corpus relief, the action was dismissed for failure to exhaust. 28 U.S.C. § 2254(b). To the extent that appellant's claim sought damages under § 1983, the action was stayed and closed for one year in order to allow appellant an opportunity to exhaust state appeals and federal habeas corpus. I R., tab 4, at 3. The district court further stated that appellant could either: (1) move to have the stay vacated and § 1983 action restored when he had either prevailed on his state appeals, or exhausted his state appeals and federal habeas corpus, or (2) petition for an extension of time to bring his § 1983 claims and a continuation of the stay, which would be granted were appellant able to demonstrate due diligence in exhausting his still unexhausted claims. Id. at 4-6. If the stay were to run without the appellant pursuing one of these courses of action, the complaint would be dismissed. Id. at 6. Such dismissal would be "a permissible exercise of the court's discretion and its inherent authority to manage its docket . . . reflect[ing] concern for the efficient administration of justice and judicial economy." Id.

Before the stay ran, appellant filed a motion to vacate, alleging that a direct state court appeal had been filed with the Oklahoma Court of Criminal Appeals by the Oklahoma Indigent Defense System. The district court denied this motion on two

grounds: first, that the issues forming the basis for his § 1983 claim had never been raised before the Oklahoma Court of Criminal Appeals; and second, that he had a federal habeas corpus motion pending before the district court. I R., tab 16, at 3. In addition, the district court dismissed appellant's § 1983 claim in its entirety because appellant had not chosen to pursue one of the permitted courses of action identified by the district court in its earlier order. Id. Mr. Wood appeals the denial of his motion to vacate the stay, and the dismissal of his § 1983 claims. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

Appellant's claim for damages pursuant to § 1983 is premised on his conviction's alleged unconstitutionality. In other words, to establish the basis for his damages claim, appellant would necessarily have to demonstrate the invalidity of his conviction. Such a claim is not cognizable under § 1983, unless "a . . . plaintiff . . . prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by excessive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, —, 114 S. Ct. 2364, 2372 (1994). The appellant has offered no such proof, and his action cannot

therefore be allowed to proceed.[1]  See id.; 28 U.S.C. § 1915(e)(2)(B)(ii).

The judgment of the district court is AFFIRMED.

The mandate shall issue forthwith.


Entered for the Court


Carlos F. Lucero
Circuit Judge

---

[1]As a result, we deny appellant's two additional motions relating to his § 1983 claims.