(No. 96-CC-4112– )

JAMES ALLEN NEWSOME, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 4, 1997.*

LOCKE E. BOWMAN III and BRIAN GRUBE, for Claimant.

JAMES E. RYAN, Attorney General (PAUL H. CHOE and ROGER FLAHVEN, Assistant Attorney General, of counsel), for Respondent.

## OPINION

SOMMER, C.J.

This matter comes before the Court on the Claimant's petition for compensation for unjust imprisonment, pursuant to section 8(c) of the Court of Claims Act, hereinafter referred to as "statute" (735 ILCS 505/8(c)), and the Claimant's motion for summary judgment. A hearing was held on May 29, 1997, before Commissioner Rochford. Following the hearing a briefing schedule was established and the parties submitted briefs in support of their positions.

The undisputed facts of this claim are as follows: The Claimant was incarcerated in an Illinois state prison

for a period in excess of fifteen (15) years. It has been established that the Claimant was innocent of the crime for which he was incarcerated. On July 14, 1995, Governor Edgar granted the Claimant a pardon on the grounds of innocence.

The statute provides for maximum compensation to a claimant who has served time unjustly in the amount of $35,000. The statute further provides for a one-time adjustment as of January 1, 1996, to reflect the cost of living increase since the date the maximum award was last adjusted. 705 ILCS 505/8(c).

At the hearing, the Claimant presented the expert testimony of investment analyst Charles S. Gofen. Mr. Gofen testified that the maximum award plus the cost of living adjustment based on the Consumer Price Index as required by the statute would result in an award to the Claimant in the amount of $140,350. We find that $140,350 is the correct award under the statute.

The Claimant's attorneys further seek attorney's fees in addition to the amount awarded for his unjust incarceration. The statute provides that "the court shall fix attorney fees not to exceed 25% of the award." 705 ILCS 505/8(c).

At the hearing, affidavits and testimony of Locke E. Bowman and Norval Morris were presented in support of their request for attorney fees. Additional affidavits concerning attorney fees were submitted on June 18, 1997. The combined fee request is in excess of the 25% maximum as provided by statute. However, Mr. Bowman and Mr. Morris both stated at the hearing that they would donate any fees to which they were entitled to the Claimant.

In its post trial brief of June 26, 1997, the Respondent withdrew its previous objections to the Claimant's

complaint. In essence, the Respondent agreed that the Claimant is entitled to an award of $140,350. Further, based on its readings of the findings in *Mustafa v. State* (1975), 30 Ill. Ct. Cl. 567, 569, and *Anderson v. State* (1967), 26 Ill. Ct. Cl. 119, 122, the Respondent withdrew its objections to the attorney fees being paid in addition to the award.

Both the *Mustafa* and *Anderson* cases find that the attorney fees should come from the award made to the Claimant. The language of the statute setting attorney fees was not changed in the 1996 amendment to section 8(c), which increased the amount recoverable by the cost of living.

Consistent with *Mustafa* and *Anderson*, we find that attorney fees must come from the Claimant's award. As Mr. Bowman and Mr. Morris testified at the hearing that they, commendably, were donating their fees to the Claimant, the issue of attorney fees is substantially mooted. There were affidavits by Mr. Gofen, the financial expert, and Mr. Gruber, a law student, indicating costs attributable to their activities, but we will assume that these costs, along with other costs noted in the record, were also to be donated to the Claimant.

It is therefore ordered that the Claimant is awarded $140,350 pursuant to his claim for compensation for unjust imprisonment.