PER CURIAM.
In this negligence action arising out of police intervention in a landlord/tenant dispute over removal of property from the leased premises, the City of Pompano Beach (City) appeals from the trial court’s order denying its motion for directed verdict and motion for judgment notwithstanding the verdict based on sovereign immunity. The City also appeals the award of prejudgment interest in favor of appellee, Donald Stefanko.
We find no error in the trial court’s denial of these motions and affirm the judgment, but reverse the prejudgment interest award. Appellee concedes that the court erred in awarding him prejudgment interest in direct contravention of Florida Statutes section 768.28(5)(1999). Section 768.28(5) provides, in pertinent part:
The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circum *1121 stances, but liability shall not include punitive damages or interest for the period before judgment.
“Unlike private tort-feasors, government tort-feasors are not liable for punitive damages or prejudgment interest.” Avallone v. Board of County Comm’rs of Citrus County, 493 So.2d 1002, 1004 (Fla.1986). See also City of Treasure Island v. Provident Management Corp., 738 So.2d 357 (Fla. 2d DCA 1999)(the legislature has never waived a City’s immunity from liability for prejudgment interest); State Dep’t of Transp. v. Bailey, 603 So.2d 1384 (Fla. 1st DCA 1992)(an award of prejudgment interest does not fall within the parameters of the waiver of sovereign immunity expressed in section 768.28(5)); Berek v. Metropolitan Dade County, 396 So.2d 756 (Fla. 3d DCA 1981)(recovery of punitive damages or prejudgment interest is always .precluded under waiver of immunity statute). Accordingly, the prejudgment interest award of $10,415.20 is reversed.
AFFIRMED in part, and REVERSED in part.
FARMER, KLEIN and TAYLOR, JJ„ concur.