Blair v. Frank Whitcomb Construction Corp., No. 498-01 CnC (Norton, J., July 6, 2005)


[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]


STATE OF VERMONT
Chittenden County, ss.:


HOPE BLAIR, Individually and as Administratrix
of the Estate of Brian K. Blair, and NIKI BLAIR, In her
capacity as guardian of Bryana Blair

v.

FRANK W. WHITCOMB CONSTRUCTION
CORPORATION and STATE OF VERMONT


ENTRY

This matter concerns two motions by the State of Vermont in this action, which is based on a traffic accident in which the passenger, Brian K. Blair, was killed. The plaintiffs have filed survival, wrongful death, and loss of consortium claims against the State of Vermont. The State's first moves for judgment on the pleadings with respect to the plaintiff's loss of consortium claim. The State has also filed a motion in limine to limit damages to $250,000, pursuant to 12 V.S.A. § 5601(b).

In its first motion, the State argues that the court must issue judgment in its favor on the loss of consortium claim because such loss is not remediable in a wrongful death action. The State also argues that the case should be recaptioned to exclude Niki Blair, in her capacity as guardian for Bryana Blair, as a plaintiff.

In a motion for judgment on the pleadings under V.R.C.P. 12(c), the court "takes as true all well-pleaded factual allegations in the nonmovant's pleadings and all

reasonable inferences to be drawn from them, and takes as false all contravening assertions in the movant's pleadings." Knight v. Rower, 170 Vt. 96, 98 (1999). Loss of consortium is a remediable loss under a common law negligence claim. 12 V.S.A. § 5431; Whitney v.

Fisher, 138 Vt. 468, 471–72 (1980). The loss "is directed to the loss of affection, aid and cooperation in every conjugal relation, and conjugal society." Whitney, 138 Vt. at 471. Minor children can also recover for loss of consortium related to the deprivation of the physical, moral, and intellectual training from an injured parent, as well as the deprivation of affection, society, love, protection, and companionship. Hay v. Med. Ctr. Hosp. of Vt., 145 Vt. 533, 535, 545 (1985).

Wrongful death actions, however, do not exist at common law. Quesnel v. Town of Middlebury, 167 Vt. 252, 256 (1997). Therefore, damages in a wrongful death action are limited to those recognized by the Vermont Wrongful Death Act, 14 V.S.A. §§ 1491–1492. The Act limits damages for the spouse and the next of kin to "pecuniary injuries," 14 V.S.A. § 1492(b), although the Vermont Supreme Court has interpreted these injuries expansively to include "recovery for the loss of companionship of a spouse or child, as well as 'compensation for lost intellectual, moral and physical training, or the loss of care, nurture and protection.'" Mears v. Colvin, 171 Vt. 655, 657 (2000) (mem.) (citation omitted) (quoting Mobbs v. Central Vt. Ry., 150 Vt. 311, 316 (1988)). Loss of companionship, however, may be more limited than loss of consortium. Hay, 145 Vt. at 537; see also Black's Law Dictionary 328 (8th ed. 2004) (defining consortium to include "benefits that one person . . . is entitled to receive from another, including companionship, cooperation, affection, aid, financial support, and (between spouses) sexual relations"). Thus, loss of consortium is not recoverable in a wrongful death action, as the statute does not provide for such damages.

The plaintiffs avoid this issue by arguing that they do not claim loss of consortium damages from Brian Blair's death. Rather, they claim these damages from the period in which Brian Blair was injured, but before he died.

At first glance, such damages would appear rather small. Brian Blair died in a truck accident, so one would assume that he died nearly instantaneously. Of course, it is not beyond the realm of possibility that he lived for some time, and the complaint says nothing of an instant death. Hence, there is a reasonable inference that the plaintiffs could

have sustained loss of consortium damages between the accident and Brian Blair's death. The plaintiffs' claim for loss of consortium is valid, and the State's motion is denied. Should the plaintiffs ultimately fail to provide evidence of loss of consortium during the window between the accident and Brian Blair's death, the State can address this issue in either a summary judgment motion or in a V.R.C.P. 50(a) motion at trial.

Turning to the State's second motion, 12 V.S.A. § 5601(b) provides: "the maximum liability of the state under [the Vermont Tort Claims Act] shall be $250,000.00 to any one person and the maximum aggregate liability shall be $1,000,000.00 to all persons arising out of each occurrence." The question that the State presents in its motion in limine is whether the "one person" in a wrongful death action includes only the administrator who brings the action or the people on whose behalf the administrator brings the action. If the former interpretation is correct, then the plaintiffs may recover only $250,000 in damages from the survival and wrongful death actions, as Hope Blair, the administrator, is the only "person" involved in this part of the suit and damages must be limited accordingly.[1] If the latter is correct, then the plaintiffs may recover up to $750,000, as there are three persons on whose behalf the administrator is bringing survival and wrongful death claims: the decedent, Brian Blair; the decedent's spouse, Hope Blair; and the decedent's daughter, Bryana Blair.

In resolving this question, the court notes that the Vermont Tort Claims Act operates as a waiver to the State's common law sovereign immunity. Lafond v. Vt. Dep't of Soc. & Rehabilitation Servs., 167 Vt. 407, 409–10 (1998). Because the statute is in derogation of the common law, the court is obligated to strictly construe its terms. See Record v. Vt. State Highway Bd., 121 Vt. 230, 236–37 (1959) ("In construing this statute we are not to presume that the legislature intended to work any change in the common law beyond what the statute itself declares in either express terms, or by unmistakable implication."). Thus, the court construes the $250,000 cap strictly in favor of the State, rather than expansively in favor of the plaintiffs. See also Indian Towing Co. v. United States, 350 U.S. 61, 69 (1955) ("[W]hen dealing with a statute subjecting the Government to liability for potentially great sums of money, this Court must not promote

---

[1] The court notes that the $250,000 limit does not apply to the third count for loss of consortium, as there is an additional person claiming damages on that count: Niki Blair, in her capacity as guardian for Bryana Blair.

profligacy by careless construction."); Jacobs v. State Teachers' Retirement Sys., 174 Vt. 404, 408 (2002) ("Because sovereign immunity is procedural, a state may choose to waive it in specified circumstances. Such waiver must be accomplished expressly by statute." (citation omitted)).

Accordingly, the court holds that "person" in the context of a wrongful death action is the administrator of the estate, not the people on whose behalf the administrator sues.[2] Thus, the State is entitled to a $250,000 cap in damages with regard to the survival and wrongful death claims in this matter.

ORDER

For the foregoing reasons, the State's motion for judgment on the pleadings is DENIED and the State's motion in limine is GRANTED. The plaintiffs' recovery from the State shall be limited to $500,000: $250,000 for Hope Blair under counts I (survival), II (wrongful death), and III (loss of consortium); and $250,000 for Niki Blair under count III (loss of consortium).

Dated at Burlington, Vermont, July 6, 2005.

_____/s/_____
Judge

---

[2] Although there exists contrary authority, at least one court in another jurisdiction has reached a similar result when interpreting nearly identical tort claims act language. See, e.g., Austin v. Cooksey, 570 S.W.2d 386, 388 (Tex. 1978) (holding that "per person" liability cap applied to decedent, not to decedent's survivors). The court notes that the Texas Supreme Court's reasoning was slightly different than this court's. The Texas Supreme Court held that the "one person" was the decedent, rather than the administrator. This difference may be the result of Texas's wrongful death act, which allows surviving spouses, children, and parents to bring suit, in addition to estate representatives. Compare Tex. Civ. Prac. & Rem. Code Ann. § 71.004(b), (c) (West 2005) with 14 V.S.A. § 1492(a). In any event, this is a distinction without a difference. In either case, there is only one "person" bringing a wrongful death claim. But see Florida Dep't of Corrections v. Parker, 553 So. 2d 289, 289 (Fla. Dist. Ct. App. 1989) (holding that wife of decedent individually was separate "person" from wife as representative of decedent's estate, and therefore liability cap did not apply).

4