422 So.2d 838 (1982)
David BEREK, et al., Petitioners,
v.
METROPOLITAN DADE COUNTY, Etc., et al., Respondents.
No. 60713.
Supreme Court of Florida.
November 24, 1982.
*839 Arnold R. Ginsberg of Horton, Perse & Ginsberg, Miami, and Rentz & Haggard, P.A., Miami, for petitioners.
Robert A. Ginsburg, County Atty., and Robert L. Blake, Asst. County Atty., Dade County, Miami, for respondents.
BOYD, Justice.
This cause is before the Court on petition for review of the decision in Berek v. Metropolitan Dade County, 396 So.2d 756 (Fla. 3d DCA 1981). The decision expressly and directly conflicts with State, Board of Regents v. Yant, 360 So.2d 99 (Fla. 1st DCA), cert. denied, 364 So.2d 892 (Fla. 1978). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Petitioner David Berek brought a successful tort action against Metropolitan Dade County, resulting in a jury verdict for $85,000. The trial court entered judgment for $50,000, the limit of liability fixed by the statutory waiver of sovereign immunity, section 768.28, Florida Statutes (1979). Petitioner then sought an order assessing costs and post-judgment interest. The trial court denied the motion. On appeal, the district court affirmed. The issue before us is whether the limits of recovery set forth in section 768.28(5) preclude the assessment of court costs and post-judgment interest. We approve the decision of the district court of appeal in result.
Section 768.28(5) provides:
(5) The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, but liability shall not include punitive damages or interest for the period prior to judgment. Neither the state nor its agencies or subdivisions shall be liable to pay a claim or a judgment by any one person which exceeds the sum of $50,000 or any claim or judgment, or portions thereof, which, when totaled with all other claims or judgments paid by the state or its agencies or subdivisions arising out of the same incident or occurrence, exceeds the sum of $100,000. However, a judgment or judgments may be claimed and rendered in excess of these amounts and may be settled and paid pursuant to this act up to $50,000 or $100,000, as the case may be, and that portion of the judgment that exceeds these amounts may be reported to the Legislature, but may be paid in part or in whole only by further act of the Legislature. The limitations of liability set forth in this subsection shall apply to the state and its agencies and subdivisions whether or not the state or its agencies or subdivisions possessed sovereign immunity prior to July 1, 1974.
Petitioner argued to the district court that section 57.041, Florida Statutes (1979),[1] *840 a general statute providing for recovery of costs by the prevailing party, authorizes the assessment of costs in an action against the state or a subdivision. The district court rejected this contention saying, "Whatever rights of recovery against the state are given to a claimant must, in our view, affirmatively appear in the waiver of immunity statute and cannot be read into it." 396 So.2d at 758.
The court also rejected the argument that the statute's negation of pre-judgment interest indicates an intention to allow recovery of post-judgment interest beyond the maximum recovery of $50,000. "Accordingly, we construe the statute to declare that recovery of punitive damages or pre-judgment interest is always precluded, that is, even where the total recovery is less than $50,000; and that post-judgment interest and costs are recoverable, but only to the extent that the total of the judgment for damages and the post-judgment interest and costs does not exceed $50,000." 396 So.2d at 759 (footnote omitted.)
While we approve the district court's decision, we disagree with its statement that section 57.041, providing for recovery of costs, is completely inapplicable to tort claims against the state. Section 768.28 provides that the state "shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances." Therefore the general provisions of law which make costs and interest[2] recoverable by the prevailing party are applicable when a tort claimant prevails against the state. The availability of interest is further indicated by the next immediately following language in the statute: "but liability shall not include punitive damages or interest for the period prior to judgment." § 768.28(5), Fla. Stat. (1979). See §§ 55.03(1), 57.041, Fla. Stat. (1979); Roberts v. Askew, 260 So.2d 492 (Fla. 1972); Simpson v. Merrill, 234 So.2d 350 (Fla. 1970); Florida Livestock Board v. Gladden, 86 So.2d 812 (Fla. 1956); Treadwell v. Terrell, 117 Fla. 838, 158 So. 512 (1935).
A waiver of sovereign immunity must be strictly construed. See Arnold v. Schumpert, 217 So.2d 116 (Fla. 1968); Spangler v. Florida State Turnpike Authority, 106 So.2d 421 (Fla. 1958). The maximum amount of the state's liability to any one claimant arising out of any one incident or occurrence, therefore, is $50,000, including damages, costs, and post-judgment interest.[3] If the damages alone are less than $50,000, then costs and post-judgment interest are recoverable, but only up to the maximum liability of $50,000.
Respondent has raised a subsidiary issue pertaining to the principal amount upon which the post-judgment interest should be calculated, the $50,000 judgment or the $85,000 jury verdict. We conclude that post-judgment interest should be calculated upon the actual damages determined by the jury. If the damages are less than $50,000, then, of course, the post-judgment interest is recoverable from the state up to the $50,000 limit on total damages, costs, and interest. However, section 768.28(5) authorizes the rendition of judgment in excess of the maximum amount which the state can be required to pay. The purpose of this provision is so that the excess can be reported to the legislature and then paid in whole or in part by further act of the legislature. These provisions recognize that the judgment and post-judgment assessments to be entered of record should upon *841 motion of the plaintiff be the full amount of actual damages suffered, costs, and post-judgment interest and not the amount of the defendant's liability. Therefore the interest should be calculated upon the actual damages as reflected in the jury verdict.
The decision of the district court of appeal is approved in result.
It is so ordered.
ALDERMAN, C.J., and OVERTON and McDONALD, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] § 57.041, Fla. Stat. (1979):

(1) The party recovering judgment shall recover all his legal costs and charges which shall be included in the judgment; but this section does not apply to executors or administrators in actions when they are not liable for costs.
(2) Costs may be collected by execution on the judgment or order assessing costs.
[2] § 55.03(1), Fla. Stat. (1979):

(1) All judgments and decrees bear interest at the rate of 6 percent a year, except that judgments or decrees rendered in circuit court shall bear interest at the rate of 8 percent a year unless the judgment or decree is rendered on a written contract or obligation providing for interest at a lesser rate, in which case the judgment or decree bears interest at the rate specified in such written contract or obligation.
[3] The limitations of $50,000 per claim and $100,000 per incident were changed to $100,000 and $200,000 respectively by chapter 81-317, Laws of Florida.