472 So.2d 1170 (1985)
Phillip S. GERARD, et al., Petitioners,
v.
DEPARTMENT OF TRANSPORTATION, Respondent.
No. 65855.
Supreme Court of Florida.
July 11, 1985.
*1171 R. Kent Lilly of Gibson, Connor & Lilly, Lake Wales, for petitioners.
Alan E. DeSerio and Franz E. Dorn, Appellate Attys., Ella Jane P. Davis, Trial Atty. and A.J. Spalla, Gen. Counsel, Tallahassee, for respondent.
ALDERMAN, Justice.
The District Court of Appeal, First District, has certified as a question of great public importance whether satisfaction of a claim by payment of the statutory amount specified in section 768.28(5), Florida Statutes (1979), precludes a further claim, otherwise authorized, in excess of the statutory amount. Gerard v. Department of Transportation, 455 So.2d 500 (Fla. 1st DCA 1984). The First District answered this certified question in the affirmative. We disagree, and although we approve the First District's disposition of other issues also relating to the interpretation of section 768.28(5), we quash that portion of its decision which held that Phillip Gerard's action cannot be allowed to proceed in the circuit court because payment of the statutory amount specified in section 768.28(5) has been made.
In April 1980, in Lake Wales, Polk County, Florida, Phillip Gerard was severely injured and his wife and two minor children were killed when a tree branch fell on the vehicle in which they were riding. He filed a negligence action in Polk County against Lake Wales and its insurer. Other defendants, including the Department of Transportation, were subsequently joined. The Department of Transportation obtained a transfer of the cause of action against it to Leon County. Gerard settled his claim against the City of Lake Wales upon the payment of $530,000 by the city's insurer.[1] The Department of Transportation then moved for summary judgment on the basis, among others, that Lake Wales' payment of $530,000 had exhausted the $100,000 liability limits of the Department and all other state agencies or subdivisions. It contended that the only purpose to be served by trial and adjudication of its liability would be as an unnecessary precursor to Gerard's filing a claims bill with the legislature pursuant to section 768.28(5) because at the conclusion of trial it would be entitled to a setoff of the amount paid by Lake Wales' insurer against its $100,000 statutory liability. It would thus pay nothing. The trial court granted the Department summary judgment upon the issue of exhaustion of limits of liability pursuant to the limited waiver of sovereign immunity contained in section 768.28(5).
On appeal, Gerard argued that the $100,000 limitation contained in section 768.28(5) applies independently to each governmental entity involved in litigation without regard to the monies paid by other governmental entities; that insurance proceeds should not apply toward the $100,000 limitation on recovery; and that the action in the trial *1172 court be allowed to proceed in order to establish a predicate for a possible legislative claim request. Reiterating our pronouncement that statutory waiver of sovereign immunity must be clearly expressed and strictly construed, the First District held that section 768.28(5) expressly imposes a cumulative per-incident limitation on aggregate recovery regardless of whether the source of payment is a single governmental entity or multiple governmental entities. Reasoning that public funds were presumably expended by the city for payment of insurance premiums and that section 768.28(13)[2] expressly provides for the purchase of liability insurance by governmental entities in anticipation of any claims, judgments, and claims bill which they may be liable to pay, it further decided that the insurance proceeds may be applied to satisfy the liability limitation of section 768.28(5). Finally, the First District concluded that on the facts of this case, Gerard could not proceed in the trial court because section 768.28(5), although authorizing an excess judgment as a predicate for a legislative claims request, should not be construed as providing any basis for an independent action which could be compensated only by legislative approval.
We agree with the First District's holding as to the first two issues, but we disagree as to its holding that Gerard was precluded from proceeding against the Department of Transportation in the trial court as a predicate to establishing a possible legislative claim request.
Initially, we agree with the Department of Transportation's assertion that a judgment in this case was not a prerequisite to Gerard's filing a claims bill in the legislature. As the First District Court stated in Jetton v. Jacksonville Electric Authority, 399 So.2d 396, 397 (Fla. 1st DCA 1981), while the legislature has placed limits on recovery, "claimants remain free to seek legislative relief bills, as they did during days of complete sovereign immunity." (Footnote omitted.)
We, however, do not agree that payment of the maximum amount permitted by section 768.25 abrogated the trial court's jurisdiction to adjudicate Gerard's claim against the Department of Transportation. Section 768.25(5) provides, in pertinent part:
However, a judgment or judgments may be claimed and rendered in excess of these amounts and may be settled and paid pursuant to this act up to $50,000 or $100,000, as the case may be, and that portion of the judgment that exceeds these amounts may be reported to the Legislature, but may be paid in part or in whole only by further act of the Legislature. The limitations of liability set forth in this subsection shall apply to the state and its agencies and subdivisions whether or not the state or its agencies or subdivisions possessed sovereign immunity prior to July 1, 1974.
This statutory provision evidences no legislative intent to deprive the trial court of subject matter jurisdiction upon payment of the statutory cap authorized by section 768.28(5). The act does not preclude a claimant from seeking a judgment for an excess sum as a preliminary step to seeking a claims bill. To the contrary, it expressly states that a judgment or judgments may be claimed and rendered in excess of these amounts. In Berek v. Metropolitan Dade County, 422 So.2d 838, 840-41 *1173 (Fla. 1982), although acknowledging the limits on the state's maximum liability, we said:
[S]ection 768.28(5) authorizes the rendition of judgment in excess of the maximum amount which the state can be required to pay. The purpose of this provision is so that the excess can be reported to the legislature and then paid in whole or in part by further act of the legislature. These provisions recognize that the judgment and post-judgment assessments to be entered of record should upon motion of the plaintiff be the full amount of actual damages suffered, costs, and post-judgment interest and not the amount of the defendant's liability.
We therefore hold that Gerard is entitled to proceed in the trial court against the Department of Transportation. We note, however, that he assumes certain risks if he elects to proceed. A costly trial may result in a judgment of no liability against the Department and the assessment of court costs. It is also possible that a trial may result in a judgment for less than the settlement amount. In that event, Gerard would not be able to seek a claims bill. Even if he is able to obtain a judgment against the Department of Transportation in excess of the settlement amount and goes to the legislature to seek a claims bill with the judgment in hand, this does not mean that the liability of the Department has been conclusively established. The legislature will still conduct its own independent hearing to determine whether public funds should be expended, much like a non-jury trial. After all this, the legislature, in its discretion, may still decline to grant him any relief.
Accordingly, we approve in part and quash in part the decision of the district court and remand for further proceedings consistent with our decision.
It is so ordered.
BOYD, C.J., and OVERTON and McDONALD, JJ., concur.
SHAW, J., specially concurs with an opinion, in which ADKINS, J., concurs.
EHRLICH, J., concurs in part and dissents in part with an opinion.
SHAW, Justice, specially concurring.
I agree with the Court's disposition of the case and the legal issues it presents. It is clear to me that the courts are the proper institution to resolve the legal and factual issues of a tort suit against a government unit, just as they are in a tort suit against a private person. Art. I, § 21 and Art. X, § 13, Fla. Const.; § 768.28, Fla. Stat. (1974).
I write to disassociate myself from what I believe is questionable and gratuitous legal advice which the majority offers petitioner concerning certain risks he assumes if he proceeds with his suit, as he is entitled to do under our holding. I believe it is inappropriate for us to tacitly imply, if not forecast, that his suit will be unsuccessful and he will suffer consequences. Coming from the highest court in the state, this advice has the aura of a self-fulfilling prophecy. Further, it is incorrect to state that petitioner will not be able to seek a claims bill in the legislature if his suit is fruitless. A citizen seeking such relief merely contacts his or her legislative representative(s) and asks for assistance. It is no doubt helpful as a means of persuasion to have an unpaid judgment in hand, but the question of whether a representative will sponsor a claims bill is a nonjudicial matter between the citizen and the representative(s). I do not believe we should appear to discourage citizen contact with legislators by suggesting that such contact will be nonproductive. Finally, I do not believe it is appropriate to comment with apparent authority on the internal procedures the legislature will or should follow in considering claims bills or on its discretionary authority to grant or deny relief to victims of government torts.
ADKINS, J., concurs.
*1174 EHRLICH, Justice, concurring in part and dissenting in part.
I agree that the trial court has jurisdiction to hear the claim against Department of Transportation in order to determine liability and damages.
I do not agree that the settlement amount paid by the City of Lake Wales's insurer satisfies the statutory cap. Section 286.28, Florida Statutes (1979), waives the statutory cap on damages recoverable from a governmental entity which has purchased liability coverage for such claims. Instead, the policy limits become the statutory cap and, regardless of the amount of the verdict, judgment may not be entered for an amount in excess of the liability limits. Thus, the governmental entity has not paid the $100,000 statutory cap.
Here, DOT attempts to claim the benefit of a statutory claim limit which no governmental entity has ever paid. I believe DOT is liable for any amount awarded up to the statutory limit.
Because I feel that the statutory limit has yet to be satisfied, I do not believe that the certified question is properly before us on these facts. Thus I would not answer it.
NOTES
[1] In addition, there were several other defendants involved in this cause with which the petitioner has also settled claims arising out of this incident: Hunt Brothers (owners of the citrus grove adjacent to the tree that fell) have paid $15,000; Cora Hargroves and Hargroves' insurer (who trimmed the trees under yearly contracts with Florida Power Corporation for approximately 30 years and which volunteered to remove the trees post-accident for the City of Lake Wales) paid $15,000; Florida Power Corporation (which cut or had cut all the trees to accommodate their power lines) paid $30,000.
[2] Section 768.28(13), Florida Statutes (1979), provides:

(13) The state and its agencies and subdivisions are authorized to be self-insured, to enter into risk management programs, or to purchase liability insurance for whatever coverage they may choose, or to have any combination thereof, in anticipation of any claim, judgment, and claims bill which they may be liable to pay pursuant to this section. Agencies or subdivisions, and sheriffs for the purpose of police professional liability only, which are subject to homogeneous risks may purchase insurance jointly or may join together as self-insurers to provide other means of protection against tort claims, any charter provisions or laws to the contrary notwithstanding. Sheriffs may join together as self-insurers to provide coverage for police professional liability claims only. (Emphasis added.)