SHIVERS, Judge.
The City of Jacksonville appeals an order awarding appellee Ortega Utility Company an attorney’s fee under section 57.105, Florida Statutes. At issue is whether the trial court erred in finding a complete absence of a justiciable issue of either law or fact. We conclude the trial court did not err and affirm.
Ortega Utility Company (Ortega) is a Florida Public Service Commission regulated utility that has been serving customers within a certificated geographical area in Duval County since 1975. In addition to the areas under certificate, Ortega has provided water service to users outside its area of certification since 1979. In that year Ortega sought service to Tree Top Apartments (Tree Top) and Morse Avenue Elementary School (Morse Elementary), which are outside Ortega’s certificated area. The Tree Top and Morse Elementary areas bear no certification from any utility. The City’s Department of Public Works issued the building permit to Ortega and noted that these two areas needing service had requested service from Ortega. The initial pipelines required to serve Tree Top and Morse Elementary were constructed along Morse Avenue pursuant to right-of-way permits issued by the City’s Public Works Department. The right-of-way permits were obtained from the City with no difficulty.
The City’s fire code requires a 1,500 gallon per minute flow of water for the service covered by the right-of-way permits. Consequently, in 1986, Ortega began construction of a 12-inch water distribution main in order to provide the water flow required by the Code. In order to upgrade its service and provide this required increased water flow to Tree Top and Morse Elementary, Ortega applied to the City for a right-of-way permit, which permit was a necessary prerequisite to the construction of the larger pipelines across Morse Avenue. Without such improvement neither the school nor the apartment complex would enjoy the fire protection required by the City. The evidence shows that although the right-of-way permit was initially approved it was subsequently voided by the City.
Ortega had applied to the Florida Public Service Commission (PSC) for an extension of its present certificated area. The application was opposed by the City who wished to serve customers in that area and a PSC hearing was scheduled. The City took the position that its approval of the right-of-way would give Ortega an unfair advantage in the separate hearing before the PSC; that it denied the right-of-way permit *372 since granting it would allow extension of service into an uncertificated area.
Ortega filed its petition for mandamus to require the City to issue a permit for work in the right-of-way on the grounds it has the legal right under section 180.06, Florida Statutes, to provide water to its customers and to construct pipe lines and engage in such other construction and activities as may be necessary to provide such water supplies. Following trial, the court issued its Final Judgment that Ortega has a clear right to maintain its water system to provide effective service to all its customers. The court concluded that Ortega not only has a right but has a duty to provide adequate fire protection and that the City has presented no evidence or law to relieve the City of its duty to issue the sought permit. The trial court found that Ortega has been denied its right to a permit by the arbitrary decision of an overzealous official with no basis in the law. On motion, the trial court awarded Ortega attorney’s fees upon finding a complete absence of any justiciable issue of either law or fact.
The City argues it raised justiciable issues of law and fact and that the rigorous statutory prerequisites of section 57.105, Florida Statutes, have not been met. These legitimate questions of law and fact, the City asserts, were litigated:
I. Whether Ortega’s construction was designed to enhance the property within its certificated area or outside its certificated area;
II. Whether Ortega must have received its certification from the PSC before proceeding with construction;
III. Whether Chapter 367, Florida Statutes, takes precedence over Chapter 180, Florida Statutes, in this case; and
IV. Whether the City could refuse to grant a permit that might harm the City’s interest or the public interest.
We affirm the trial court’s award of attorney’s fees. Section 57.105, Florida Statutes, provides:
The court shall award a reasonable attorney’s fee to be paid to the prevailing party in equal amounts by the losing party and the losing party’s attorney in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party; provided, however, that the losing party’s attorney is not personally responsible if he has acted in good faith, based on the representations of his client.
In the instant case, the issue concerned the City’s denial of Ortega’s request for a permit to work on approximately 300 feet of the City’s right-of-way in order to furnish its existing customers with upgraded service as required by the fire code of the City of Jacksonville. Ortega had supplied certain customers outside of its certificated area since 1979. In that year the City provided permits to work in the City’s right-of-way. The fire code required Ortega to upgrade its service. There was no legitimate basis for the denial of the permits to do this required work and service. We find the trial court correctly failed to recognize the City’s four claimed justiciable issues. A review of the record reveals that its proposed Issue I was not relevant to the instant case. Issues II and III deal with the City’s contention that Ortega must first obtain a certificate before extending services outside of its certificated area. Although this is a true statement of the law, the evidence is clear that in requesting the right-of-way permit to upgrade services to its customers, Ortega was not requesting an extension of its certificated area. The City’s Issue IV attempts to create a controversy where none exists. Although the City may want to gain an advantageous position over Ortega in a separate and distinct proceeding, this cannot constitute a basis for denying the requested permit.
We find substantial competent evidence supports the trial court’s findings and conclusions.
AFFIRMED.
THOMPSON and ZEHMER, JJ., concur.