541 So.2d 172 (1989)
Velvet MARTIN and Michael Martin, Sr., Her Husband, As Personal Representatives of the Estate of Michael Lewis Martin, Jr., a Minor, Deceased, and Michael Martin, Sr., and Velvet Martin, Individually, Appellants,
v.
SOUTH BROWARD TOPEEKEEGEEYUGNEE PARK DISTRICT, a Body Politic and Corporate under the Laws of Florida, Appellees.
No. 88-0636.
District Court of Appeal of Florida, Fourth District.
April 12, 1989.
Murray B. Epstein and Horton, Perse & Ginsberg, Miami, for appellants.
Richard D. Roggenkamp of Hannah, Marsee, Beik & Voght, P.A., Orlando, for appellee.
DOWNEY, Judge.
This is a timely appeal from a non-final, post judgment order denying appellants' motion to enforce judgment against the governmental entity's insurance carrier.
Appellants, Velvet and Michael Martin, Sr., commenced this suit against South Broward Topeekeegeeyugnee Park District, a body politic and corporate under the laws of Florida (Ty Park). Appellants' son drowned while on a visit to Ty Park resulting in the institution of this suit for wrongful death. Final judgments were entered after trial by jury for appellants in the amount of $700,000 for Martin, Sr., and $900,000 for Velvet Martin. Thereafter, on motion, the trial court limited the judgments to $200,000, pursuant to section 768.28(5), Florida Statutes (1987). Appellants then filed a MOTION TO INCLUDE INSURANCE COMPANY ON FINAL JUDGMENT in order to make the judgment effective against Ty Park's insurance carrier, National Union Fire Insurance Company. This motion and another entitled MOTION TO ENFORCE JUDGMENT were denied. The latter motion contained a copy of a waiver clause from National Union's policy.[1]
*173 Appellants contend the trial court erred in denying their motion to enforce their judgment against National Union because, regardless of the sovereign immunity provisions of section 768.28, the waiver provisions of National Union's policy set out in footnote 1 of the margin eliminate sovereign immunity as a defense in this case.[2]
While this contention somewhere down the line may be borne out, it is premature at this stage of the proceeding. National Union is not a party to the suit below and no authority has been presented to suggest National Union could be made liable for the judgment based upon motions filed. No notice or other process has been served upon said company. But more importantly, section 627.7262(1) and (2), Florida Statutes (1987), provide:
(1) It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a judgment against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
(2) No person who is not an insured under the terms of a liability insurance policy shall have any interest in such policy, either as a third-party beneficiary or otherwise, prior to first obtaining a judgment against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
This section has been held to modify the common law rule that permitted direct joinder of an insurer in an action by a third-party beneficiary. Before one can proceed against an insurer under said section he must first have obtained a judgment against the insured. Armed with such a judgment the creditor may then file an independent action against the insurer.
Accordingly, the trial court was correct in denying appellant's motion to enforce the judgment and we must affirm the judgment appealed from.
DELL and STONE, JJ., concur.
NOTES
[1] WAIVER OF IMMUNITY ENDORSEMENT

It is agreed that the company will not avail itself of the legal immunity to which the insured may be entitled by reason of its being a public institution and agrees to handle any claims covered by this policy as though the insured's legal status was that of a private corporation except as otherwise directed by the insured.
[2] Although appellants presented a second issue on this appeal, the parties have agreed that said issue is also raised in a plenary appeal pending in this court from the final judgment and will be more properly considered in that appeal. That issue has to do with the retroactive application of chapter 87-134, Laws of Florida, relating to 1987 amendments to section 768.28 and the repeal of section 286.28, Florida Statutes.