LEVY, Judge.
Appellants Pinkstar Corporation and Century Insurance of Canada each suffered losses in the transportation of certain goods to South Florida by Cole Transport, Inc. (Cole). Cole’s insurer, appellee United States Fire Insurance Company (U.S. Fire), refused to defend the separate suits claiming that the losses were not covered by Cole’s motor cargo policy, and each appellant thereafter brought suit and recovered a separate judgment against Cole. Claiming to be third party beneficiaries of the insurance contract between Cole and U.S. Fire, appellants filed separate actions against U.S. Fire to execute on their judgments. After the cases were consolidated, U.S. Fire moved for summary judgment on the ground that, inter alia, appellants were not parties to the insurance contract between itself and Cole, and thus lacked standing to challenge U.S. Fire’s earlier denial of coverage. In its “final” order, the trial court granted U.S. Fire’s motion, noting that appellants had sued U.S. Fire alleging that they were third party beneficiaries of the insurance policy and holding that appellants’ theory of recovery had been specifically abolished in Florida, for which proposition the order then cited Continental Casualty Co. v. Marx, 480 So.2d 177 (Fla. 3d DCA 1985), rev. dismissed, 484 So.2d 9 (Fla.1986). Appellants challenge both the “final” order granting summary judgment and the final judgment entered thereon, arguing that not only have they strictly complied with the requirements of the above cited statutory provisions, but furthermore, that the procedure that they have followed is exactly that which is specifically envisioned and provided for by that very statutory language. We agree and reverse.
Appellants’ theory of recovery has not been abolished in Florida “specifically” or otherwise, and the trial judge erred in determining as a matter of law that it had been. In pertinent part, the non-joinder statute, Section 627.7262, Florida Statutes (1987), provides that:
(1) It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a judgment against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
(2) No person who is not an insured under the terms of a liability insurance policy shall have any interest in such policy, either as a third-party beneficiary or otherwise, prior to first obtaining a judgment against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
As non-insureds, the appellants first secured judgments against Cole, the insured under the insurance policy, in full compliance with the requirements of the statute. Martin v. South Broward Topeekeegeeyugnee Park District, 541 So.2d 172, (Fla. 4th DCA 1989); see Van Bibber v. Hartford Accident & Indem. Ins. Co., 439 So.2d 880 (Fla.1983); State Farm Fire and Casualty Co. v. Nail, 516 So.2d 1022 (Fla. 5th DCA 1987); Lewis v. Home, 495 So.2d 780 *1087 (Fla. 3d DCA 1986), rev. denied, 504 So.2d 767 (Fla.1987). Having done so, appellants may now engage in litigation with appellee.
The trial court further erred in citing Continental Casualty for the proposition that appellants’ theory of recovery had been abolished. Continental Casualty is readily distinguishable on its facts, and is, therefore, inapplicable herein.
Reversed and remanded.