ERVIN, Judge,
dissenting.
I cannot agree to the affirmance of the award of attorney’s fees in the amount of $76,786.00 to appellee Board of Regents, as a prevailing party in a medical malpractice claim, because the provisions of Section 768.56(1), Florida Statutes (1983),[1] authorizing an award of attorney’s fees to prevailing parties, must be read in pari materia with the provisions of Florida’s limited waiver of sovereign immunity act, Section 768.28, Florida Statutes (1983). Section 768.28(8) explicitly restricts any attorney’s fee award to 25 percent of any judgment or settlement. Because there is no provision in section 768.28 authorizing an award of attorney’s fees in the absence of an award of damages, the claim for fees must fail under the circumstances presented.
Before trial on the merits, Doctors Feld-man, Hill and Lane were granted summary judgment on the ground that at the time the alleged act of malpractice occurred, they were acting as employees of the Board of Regents, and therefore were entitled to the immunity provided by Section 768.28, Florida Statutes. The Board of Regents was therefore a prevailing party, however, it merely escaped liability and recovered no damages.
This court in Shands Teaching Hosp. and Clinics, Inc. v. Lee, 478 So.2d 77, 78 (Fla. 1st DCA 1985), observed that the Board of Regents is a state agency within the scope of section 768.28, and that any award of attorney’s fees is subject to the limitations provided in subsection (8) thereof. It is a well-established maxim of statutory construction that sovereign immunity is the rule, rather than the exception, and a waiver of sovereign immunity should be strictly construed. Windham v. Florida Dep’t of Tramp., 476 So.2d 735, 739 (Fla. 1st DCA 1985), review denied, 488 So.2d 69 (Fla.1986). See also Tampa-Hillsborough County Expressway Auth. v. K.E. Morris Alignment Serv., Inc., 444 So.2d 926 (Fla. 1983); Carlile v. Game & Fresh Water Fish Comm’n, 354 So.2d 362 (Fla.1977). Applying the rule of strict construction to the instant case, I find no statutory authorization for the award of fees to the defendant Board of Regents in the absence of a damage award and, accordingly, would reverse.
I would also reverse the award of costs in favor of the Board in the amount of $6,296.66. As the Florida Supreme Court observed in Berek v. Metropolitan Dade County, 422 So.2d 838, 840 (Fla.1982), the maximum amount of the state’s liability to pay any one claimant arising out of an *1042 accident is that amount established by the statute per claim and per incident, as set forth in Section 768.28(5), Florida Statutes. Berek states that if the damages recovered are less than the statutory maximum provided, then costs and postjudgment interest are recoverable, but only up to the maximum liability established. Id. Conversely, if the damages recovered are in excess of the statutory maximum allowed, there is no authorization for the assessment of costs and postjudgment interest. Reasoning from Berek ⅛ interpretation of the statute, and applying as well the above-stated rule of strict construction, I conclude that costs may only be awarded in the event of a recovery of damages by a prevailing party. Therefore, because no damages were awarded below, there is simply no basis for the award of costs to the Board.
I would therefore REVERSE that portion of the judgment awarding the Board of Regents both fees and costs.

. The statute expressly conditions such awards with the language: “Except as otherwise provided by law...."