564 So.2d 1265 (1990)
SOUTH BROWARD TOPEEKEEGEEYUGNEE PARK DISTRICT, Appellant/Cross Appellee,
v.
Velvet MARTIN and Michael Martin, Sr., As Personal Representatives of the Estate of Michael Lewis Martin, Jr., a Minor, Deceased. Appellees/Cross Appellants.
No. 88-0510.
District Court of Appeal of Florida, Fourth District.
August 15, 1990.
*1266 Robert H. Schwartz of Gunther & Whitaker, Fort Lauderdale, for appellant/cross appellee.
Arnold R. Ginsberg of Horton, Perse & Ginsberg, and Murray Epstein, Miami, for appellees/cross appellants.

ON REHEARING
PER CURIAM.
The petition for rehearing and clarification, filed by appellant/cross appellee, is granted and the following opinion is substituted for our original opinion, filed February 14, 1990.
Appellant seeks review of a final judgment awarding damages to appellees for the wrongful death of their minor child.
Three points have been presented on the main appeal wherein appellant suggests that error was committed by the trial court in denying its motion for new trial, its motion for a remittitur and in failing to apply section 768.80, Florida Statutes (Supp. 1986) retroactively to this case. The latter statutory section provides a $450,000 cap on non-economic damages in certain tort cases. We have considered each of said points and find no reversible error committed in the resolution of said issues.
Appellee presents two points on cross appeal. In one of those points, it is contended that error was committed in giving retroactive application to Chapter 87-134, Laws of Florida which in part repeals section 286.28, Florida Statutes authorizing recovery up to the policy limits of the defendant's insurance coverage. That question appears to have been resolved by Kaisner v. Kolb, 543 So.2d 732 (Fla. 1989) wherein the supreme court held that this aspect of the statute is not retroactive.[1]
*1267 In their second point on cross appeal, appellees contend the trial court erred in entering a post-trial order limiting the judgment against appellant to $200,000 pursuant to section 768.28(5), Florida Statutes (1985). Appellees appear to be on sound ground in this regard as evidenced by decisions of the Supreme Court of Florida in Gerard v. Dept. of Transportation, 472 So.2d 1170 (Fla. 1985) and Berek v. Metropolitan Dade County, 422 So.2d 838 (Fla. 1982). In Gerard, quoting from Berek, the court stated:
[S]ection 768.28(5) authorizes the rendition of judgment in excess of the maximum amount which the state can be required to pay. The purpose of this provision is so that the excess can be reported to the legislature and then paid in whole or in part by further act of the legislature. These provisions recognized that the judgment and post-judgment assessments to be entered of record should upon motion of the plaintiff be the full amount of actual damages suffered, costs, and post-judgment interest and not the amount of the defendant's liability.
Id. at 1173. These cases make it clear that the mere fact the legislative act places a cap upon the amount of damages recoverable against the governmental entity does not affect the plaintiff's right to a judgment for his full damages. The plaintiff is entitled to recover against the entity the amount of the cap and then report the balance to the legislature by way of a claims bill and recover so much of the balance as the legislature may see fit to award.
Accordingly, the appeal on the main claim by appellants is affirmed in all respects. We agree with the claims brought up on cross appeal. Therefore, the final order appealed from is reversed only as to that portion limiting the total judgment award to $200,000 and remanded to the trial court with directions to reenter the judgment for the plaintiff in accordance with the verdict. Further proceedings on the judgment shall be compatible with the provisions of this opinion and the opinion of this court in the prior non-final appeal (case no. 88-0636).
DOWNEY, STONE and GARRETT, JJ., concur.
NOTES
[1] We recently held in Martin v. South Broward Topeekeegeeyugnee Park District, 541 So.2d 172 (Fla. 4th DCA 1989), a non-final appeal arising out of this case, that appellee's motion to enforce the judgment herein against the appellants' insurance carrier was at best premature since the insurance carrier, even if liable, was not a party to this proceeding and sections 627.7262(1) and (2), Florida Statutes (1987) require a person not insured under an insurance policy to obtain a judgment against an insured party before proceeding against the insurer.