PER CURIAM.
The plaintiff, Northern Coats, appeals from an order denying his motion for attorney’s fees and costs. We reverse and remand.
Coats sued Metropolitan Dade County [the County] for negligence arising out of an automobile accident which occurred with a police vehicle. A jury entered a verdict in favor of Coats for the amount of $72,-500.00. The trial court entered a final judgment on this verdict on December 28, 1988. However, the final judgment did not specifically award statutory interest. Despite several unsuccessful appeals, the County did not pay the judgment. On September 18, 1990, immediately following a hearing on Coats’ motion to compel payment, the county delivered a check for the amount of $72,500.00. The county refused to pay any interest on the judgment.
*1017 On September 28, 1990, Coats filed a separate suit seeking a writ of mandamus to compel the county to pay the interest. The county argued that statutory interest was not due since the judgment itself did not award interest. In addition, the county argued that if statutory interest was due, it was only payable up to and including September 18, 1990. On December 28, 1990, the trial court issued a writ of mandamus compelling the county to pay statutory interest and reserving jurisdiction to determine attorney’s fees and costs, if awarda-ble. After this order was entered, the county paid interest in the amount of $15,-136.26.
Coats filed a motion for attorney’s fees and costs under section 57.105, Florida Statutes (1989). The trial court denied Coats’ request ruling that the mandamus action was no different than a deposition in aid of execution and that, therefore, section 57.105 was not applicable to this case. Coats appeals.
Coats contends that trial court erred when it ruled that section 57.105 was not applicable to the collectibility of the judgment. We agree.
A judgment creditor may not obtain a lien against or levy execution against the property of a county. Berek v. Metropolitan Dade County, 396 So.2d 756 (Fla. 3d DCA 1981), affirmed, 422 So.2d 838 (Fla.1982); § 55.11, Fla.Stat. (1989). Therefore, as Coats discovered, a mandamus is the only vehicle for enforcing a judgment against the government. Coats had to file a separate civil action, pay a filing fee, and get a new case number to enforce his legal rights. See Ridaught v. Division of Fla. Highway Patrol, 314 So.2d 140 (Fla.1975). Since a mandamus is a separate and distinct law suit, Coats can collect attorney’s fees under section 57.105 if the county’s defense to the action was without factual merit or legal basis. See City of Jacksonville v. Ortega Util. Co., 531 So.2d 370 (Fla. 1st DCA 1988) (provides for the assessment of attorney’s fees under 57.105 in mandamus proceedings).
Section 57.105 provides that the trial court shall award attorney’s fees to the prevailing party in any action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party. A municipality or governmental entity may be responsible for the payment of attorney’s fees under section 57.105. Berek v. Metropolitan Dade County, 422 So.2d 838 (Fla. 1982); City of Jacksonville v. Ortega Util. Co., 531 So.2d 370 (Fla. 1st DCA 1988); City of Miami Beach v. Town of Bay Harbor Islands, 380 So.2d 1112 (Fla. 3d DCA 1980).
Having found that section 57.105 is applicable to mandamus actions, we must remand this cause to the trial court for a hearing to determine if there was any justi-ciable issue of either law or fact raised by the county. If the trial court determines that the county’s defense to the action was without factual merit or legal basis, the trial court shall then determine the amount of attorney’s fees and costs.
Reversed and remanded for proceedings consistent with this opinion.