ANSTEAD, Judge.
This is an appeal from an order dismissing the claim of appellants, Velvet Ward Martin and Michael Martin, Sr., against the appellees, Hummel Companies, Inc., and Robert E. Williams, on the grounds that the claim was barred by sovereign immunity. We reverse.
FACTS
The Martins brought a suit based on the wrongful death of their minor child, against South Broward Topeekeegeeyug-nee Park District (“TY Park”), and recovered a jury verdict for $1,600,000. Subsequently, the trial court reduced the final judgment to $200,000, citing section 768.-28(5), Florida Statutes (1985), which caps the amount that may be recovered against the government in a tort action. In South Broward Topeekeegeeyugnee Park v. Martin, 564 So.2d 1265 (Fla. 4th DCA 1990), rev. denied, 576 So.2d 291 (Fla.1991), this court affirmed the award, but reversed the order reducing the judgment to $200,000, and remanded with directions to reinstate the judgment for the full amount of recovery, $1,600,000, but limiting the actual recovery against the government to $200,000.
After collecting the liability limits of $200,000 from the government's primary insurance carrier, the Martins learned of the alleged failure of the Hummel Companies and its agent, Robert E. Williams, to secure additional insurance for the park district. In an amended complaint against Hummel and Williams it is alleged that between November 22, 1985 and December 23, 1985, TY Park paid $73,980 to Hummel and Williams to purchase an excess umbrella liability policy on behalf of TY Park with coverage in the amount of $4,000,000. However, because of the alleged negligence and breach of contract by the agents, the insurance was never procured. TY Park assigned its claims against the insurance agents to the Martins, and the Martins initiated this action to recover as damages the additional insurance that would allegedly have been available to cover the Martins’ judgment had the agents fulfilled their obligation to the government.
The trial court found a legislative claims bill was a condition precedent to any further recovery by the Martins, and dismissed their suit with prejudice.
LAW AND ANALYSIS
The agents rely upon section 768.28(5), Florida Statutes (1985), which at the time of the subject accident, stated in relevant part:
Neither the state nor its agencies or subdivisions shall be liable to pay a claim or a judgment by any one person which exceeds the sum of $100,000 or any claim or judgment, or portions thereof, which, when totaled with all other claims or judgments paid by the state or its agencies ... arising out of the same incident or occurrence, exceeds the sum of $200,-000. However, a judgment ... may be claimed and rendered in excess of these amounts and may be settled and paid pursuant to this act up to $100,000 or $200,000, as the case may be; and that portion of the judgment that exceeds these amounts may be reported to the Legislature, but may be paid in part or in whole only by further act of the Legislature.
(Emphasis added). The insurance agents also contend appellants’ action is barred under section 286.28(2), Florida Statutes (1985),[1] allowing governmental agencies to purchase insurance, and stating that sovereign immunity is waived over and beyond the $100,000 or $200,000 statutory caps “to the extent and only to the extent of such insurance coverage.”
*1145 These statutory provisions ordinarily limit the recovery of tort damages against the government to $200,000. However, section 286.28(2) allows for a recovery above $200,-000 if the government purchases insurance above the $200,000 limit. Otherwise, a claimant’s only redress beyond the $200,-000 limit is by special legislative act. The agents here point to the specific language of these statutory provisions prohibiting any additional recovery unless by claims bill, or unless there is actual additional insurance coverage for the incident. Both sides agree no actual additional insurance coverage exists.
The Martins contend none of the policy considerations underlying sovereign immunity or the statutory scheme waiving immunity would be harmed by permitting their action. Indeed, under the statutory scheme in place at the time, it clearly appears the legislature intended that injured parties could recover any amount of liability insurance secured by the government. In Avallone v. Board of County Commissioners of Citrus County, 493 So.2d 1002, 1004 (Fla.1986), the supreme court stated:
The thrust of section 286.28 is relatively simple. Political subdivisions are authorized to spend public money for the purchase of liability insurance. However, if such insurance is purchased and is within the purview of the statute, the contract shall prohibit the assertion of sovereign immunity to the extent of the coverage, even if it is otherwise a valid defense. To construe the section otherwise would deprive the public of the benefit of the public expenditure.
The Martins assert that by denying recovery here we would be acting contrary to the public policy reflected in section 286.28.
The Martins also contend the insurance agents have no right to assert the sovereign immunity of the government to escape their own liability for negligence or breach of contract. They cite Michigan Millers Mutual Insurance Co. v. Bourke, 607 So.2d 418 (Fla.1992), wherein it was held that a claimant’s uninsured motorist insurance carrier could not claim the benefit of the statutory cap on damages recoverable from an underinsured government tortfea-sor. The court ruled the insurance carrier could not invoke the government’s sovereign immunity to limit its obligation to its insured, even though the uninsured motorist claim was statutorily limited to benefits the insured was “legally entitled to recover” from the underinsured tortfeasor. The court explained:
In conclusion, section 768.28 authorizes the rendition of a judgment in excess of the amount the State can be required to pay due to sovereign immunity. Furthermore, the legislature has determined that, in addition to allowing discretionary recovery through a legislative claims bill, the limits of the sovereign immunity statute may be exceeded when insurance coverage is available. We find that the immunity defense available under section 768.28 is not absolute within the meaning of the term “legally entitled to recover” so as to allow such a defense to be raised substantively by an insurance carrier. Consequently, the sovereign immunity defense is not available to Michigan Millers.
Id. at 422. We believe this case is sufficiently analogous to apply its reasoning here and permit an action directly against the insurance agents.
We also conclude the Martins need not secure a claims bill before proceeding against the agents. By the claims bill procedure, the legislature may, in its discretion, mandate a governmental entity to pay an injured party an additional amount of compensation. That is not the situation here, where the Martins seek no additional recovery from the government. In our view, the claims bill procedure was intended only as a means of securing additional recovery directly against the government, rather than a third party, such as a liability insurer or insurance agent. Indeed, no claims bill would be necessary if excess insurance had actually been purchased and the Martins found it necessary to proceed directly against the excess carrier.
CONCLUSION
The agents concede the Martins would have a valid claim if only private parties *1146 were involved. The government has, in fact, assigned its claims against the agents to the Martins. In essence, the insurance agents are asserting a “Catch 22” situation by which they would benefit from their own misconduct i.e., the failure to secure additional liability insurance for the government. Under this view, no insurance agent would ever be liable for failure to secure additional insurance for a governmental entity, since the entity is immune from liability if there is no additional insurance. We refuse to adopt such circular reasoning. Since there is no possibility of any further recovery against the government, we fail to see why the Martins’ action against the agents should be barred.
Accordingly, we reverse and remand for further proceedings consistent herewith.
WARNER, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.

. Section 286.28 has been repealed, but still applies to this case. South Broward Topeekee-geeyugnee Park, 564 So.2d at 1266 (citing Kaisner v. Kolb, 543 So.2d 732 (Fla.1989)).