PARIENTE, Judge.
Plaintiffs appeal from a summary judgment granted in favor of defendant South Broward Hospital District, d/b/a Memorial Hospital (District). The complaint alleged negligence in the reading of chest x-rays resulting in the failure to diagnose lung cancer. Prior to this litigation, plaintiffs had settled medical malpractice claims against the radiologists involved by accepting $300,-000, the maximum available from their malpractice liability carrier. We reverse because the payment of $300,000 did not bar plaintiffs from pursuing their claim against the District and receiving a judgment for damages pursuant to the statutory waiver of sovereign immunity, section 768.25, Florida Statutes (1993).
The District based its motion for summary judgment on the contention that any action against it was barred because plaintiffs had already received an amount in excess of the recovery limit pursuant to section 768.28(5), Florida Statutes (1993). It is undisputed that the District is a governmental entity and thus recovery against the District is circumscribed by section 768.28(5), which provides in relevant part:
The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances.... Neither the state nor its agencies or subdivisions shall be liable to pay a claim or a judgment by any one person which exceeds the sum of $100,000 or any claim or judgment, or portions thereof, which, when totaled with all other claims or judgments paid by the state or its agencies or subdivisions arising out of the same incident or occurrence, exceeds the sum of $200,000. However, a judgment or judgments may be claimed and rendered in excess of these amounts and may be settled and paid pursuant to this act up to $100,000 or $200,000, as the case may be; and that portion of the judgment that exceeds these amounts may be reported to the Legislature, but may be paid in part or in whole only by further act of the Legislature.
However, while section 768.28(5) limits recovery against a governmental entity absent a claims bill, it does not limit the right of a party to proceed to judgment for the full amount of damages against the state or its agencies. See Gerard v. Department of Tramp., 472 So.2d 1170, 1172-73 (Fla.1985). In Gerard our supreme court specifically held that:
This statutory provision evidences no legislative intent to deprive the trial court of subject matter jurisdiction upon payment of the statutory cap authorized by section 768.28(5). The act does not preclude a claimant from seeking a judgment for an excess sum as a preliminary step to seeking a claims bill. To the contrary, it expressly states that a judgment or judgments may be claimed and rendered in excess of these amounts.
Id. See also Michigan Millers Mut. Ins. Co. v. Bourke, 607 So.2d 418, 421 (Fla.1992); South Broward Topeekeegeeyugnee Park Dist. v. Martin, 564 So.2d 1265 (Fla. 4th DCA 1990), review denied, 576 So.2d 291 (Fla.1991).
In Gerard, 472 So.2d at 1172-73, our supreme court approved the first district’s holding that insurance proceeds from a policy purchased by a governmental entity may be applied to satisfy the liability limitation of section 768.28(5). However, in this appeal we decline to reach the issue of whether the $300,000 payment by the radiologists’ private insurance carrier may be applied to satisfy *1034 that liability limitation. Such a determination would be premature prior to plaintiffs obtaining a verdict against the District.
Because we reverse the final summary judgment in favor of the District, we also reverse the final judgment taxing costs.
REVERSED AND REMANDED.
DELL and KLEIN, JJ., concur.