# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

CHAD CHRONISTER,
in his official capacity as Sheriff of Hillsborough County,

Appellant,

v.

JOHN PRAHALAD,

Appellee.

No. 2D2025-1039

_____

May 22, 2026

Appeal from the Circuit Court for Hillsborough County; Helene L. Daniel, Judge.

Jeffrey D. Jensen, Hillsborough County Sheriff's Office, Tampa, for Appellant.

Brian J. Lee of Morgan & Morgan, Jacksonville, for Appellee.


KHOUZAM, Judge.

Sheriff Chad Chronister timely appeals a final judgment entered in favor of John Prahalad after a jury trial regarding an officer-involved motor vehicle accident. On appeal, the Sheriff asserts that the trial court should have granted a mistrial and also that the court misapplied the sovereign immunity cap in multiple ways.

As to the mistrial ruling, we find no error and comment no further. But as we now explain, one of the challenges regarding sovereign immunity has merit; the trial court misapplied a setoff in the final judgment but properly included postjudgment interest. We therefore reverse and remand only to correct the setoff.

The Sheriff asserts that the trial court erred on the issue of sovereign immunity (1) by applying a setoff for prior payments against the verdict rather than against the damages cap and (2) by including postjudgment interest in the judgment. Mr. Prahalad concedes that the judgment should be amended to apply the setoff against the damages cap, but maintains that the portion addressing postjudgment interest is correct. We agree with Mr. Prahalad on both points.

Through section 768.28(1), Florida Statutes (2017), the State of Florida has waived sovereign immunity for liability for torts, to an extent. As relevant here, section 768.28(5) provides that state actors are liable like private individuals, except they shall never be liable for punitive damages or prejudgment interest. Further, all liability to an individual is capped at $200,000; any portions of a judgment exceeding this cap "may be paid in part or in whole only by further act of the Legislature." *Id.*

Discussing this statute, the Florida Supreme Court has explained:

> The maximum amount of the state's liability to any one claimant arising out of any one incident or occurrence, therefore, is [the applicable statutory cap], including damages, costs, and post-judgment interest. If the damages alone are less than [the statutory cap], then costs and post-judgment interest are recoverable, but only up to the maximum liability of [the statutory cap].

*Berek v. Metropolitan Dade County*, 422 So. 2d 838, 840 (Fla. 1982) (footnote omitted). Thus, absent further legislative action, the statutory cap is a bright-line limitation on the amount a claimant can recover.

2

Even so, under this framework, postjudgment interest is properly included in the judgment, and it "should be calculated upon the actual damages determined by the jury," not the capped amount of the judgment. *Id.* Consequently, when the jury's damages finding exceeds the statutory cap, "section 768.28(5) authorizes the rendition of judgment in excess of the maximum amount which the state can be required to pay." *Id.* Harmonizing the legislation, the court clarified:

> The purpose of this provision is so that the excess can be reported to the legislature and then paid in whole or in part by further act of the legislature. These provisions recognize that the judgment and post-judgment assessments to be entered of record should upon motion of the plaintiff be the full amount of actual damages suffered, costs, and post-judgment interest and not the amount of the defendant's liability.

*Id.* at 840-41.

Finally, where prior payments by the sovereign defendant result in a setoff, it is to be applied to the damages cap, not the jury's verdict. *See Pensacola Jr. Coll. v. Montgomery*, 539 So. 2d 1153, 1155-56 (Fla. 1st DCA 1989) (holding amounts paid previously for medical bills "should be applied to whatever amount for which [the sovereign defendant] may be found statutorily responsible"). To do otherwise "would increase [the sovereign defendant's] waiver of immunity in direct contravention of the provisions of section 768.28(5), Florida Statutes." *Id.* at 1156.

Here, as Mr. Prahalad concedes, the trial court erred in applying a setoff for prior payments by the Sheriff to the jury verdict rather than to the statutory cap. Accordingly, the judgment must be remanded to apply the setoff to the damages cap, thereby satisfying the statutory provision precluding liability above and beyond that amount.

However, the Sheriff has not established any error with respect to the inclusion of postjudgment interest. The sole authority cited by the

3

Sheriff in this regard is *Berek,* which expressly states that postjudgment interest is properly included in the judgment.  The judgment here is fully compliant with *Berek* and section 768.28 in this regard, as it includes the full amount of damages as found by the jury but obligates the defendant to pay only up to the statutory cap, absent further legislative action.  Thus, the postjudgment interest provision stands.

Affirmed in part; reversed in part; remanded.

MORRIS and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.